UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X

GMA ACCESSORIES, INC.,                     :
                                           :
                                           :
                           Plaintiff,      :   **ECF CASE**
                                           :
              - against -                  :   No. 07 CV 8414 (LAK)
                                           :
EPARTNERS INC.                             :
                           Defendant.      :
                                           :
-------------------------------------------------------- X

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

THELEN REID BROWN
RAYSMAN & STEINER LLP
Peter Brown
Sheryl H. Altwerger
875 Third Avenue
New York, New York 10022
(212) 603-2000

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ........................................................................................ iii

PRELIMINARY STATEMENT ............................................................................... 1

STATEMENT OF FACTS ........................................................................................ 2

ARGUMENT............................................................................................................. 4

I.     Plaintiff's Claims for Negligent Misrepresentation, Fraud and Fraud in the Inducement Fail to State Claims for Which Relief May be Granted Due to New York's Economic Loss Rule and Plaintiff's Failure to Plead Its Fraud Claims with Sufficient Particularity ................................................................................................................ 5

     A.    New York's Economic Loss Rule Bars GMA's Negligence Misrepresentation and Fraud Claims......................................................................................................... 5

           1.    Negligent Misrepresentation.......................................................... 5

           2.    Fraud and Fraud in the Inducement .............................................. 6

     B.    Plaintiff's Fraud and Fraud in the Inducement Claims Do Not Meet the Standards Set Forth in Rule 9(b) ............................................................................................ 7

II.    Plaintiff's Unjust Enrichment Claim Fails to State a Claim for Which Relief May be Granted Because There is a Valid Written Agreement Between the Parties...................... 9

III.   Plaintiff's Breach of Implied Warranty Claim Fails to State a Claim for Which Relief May be Granted Because the Agreements are Service-Oriented Contracts and Contain a Valid Warranty Disclaimer............................................................................................ 10

     A.    GMA Agreed to a Waiver of Implied Warranties ................................................. 10

     B.    New York Law Does Not Recognize a Cause of Action for Breach of Implied Warranty of a Service-Oriented Contract ............................................................. 11

IV.   Plaintiff's Claim of Breach of Duty of Good Faith and Fair Dealing Fails to State a Claim for Which Relief May be Granted Because It is Improperly Pled and Duplicative of its Breach of Contract Claim ............................................................................................ 12

i

A.   The Common Law Cause of Action for Breach of Duty of Good Faith and Fair Dealing is Inapplicable to the Present Case...........................................................12

B.   The Breach of Duty of Good Faith Claim is Duplicative of GMA's Breach of Contract Claim...........................................................................................................13

V.   Plaintiff's Claim for Punitive and Exemplary Damages Fails to State a Claim for Which Relief May be Granted Because GMA Cannot Seek Punitive Damages for Tort Claims and Because the Parities Agreed to Limit Damages...........................................................14

A.   GMA May Not Seek Punitive Damages for Any Torts Arising From a Related Contract Claim...........................................................................................................14

B.   GMA and ePartners Agreed to Exclude Claims for Exemplary Damages...............................................................................................................15

CONCLUSION ...........................................................................................................16

# TABLE OF AUTHORITIES

## CASES

*Acito v. IMCERA Group, Inc.,*
   47 F.3d 47 (2d Cir. 1995) ................................................................................7

*Aegis Prods., Inc. v. Arriflex Corp. of Am.,*
   25 A.D.2d 639, 268 N.Y.S.2d 185 (1st Dep't 1966)....................................11

*Beddall v. State St. Bank & Trust Co.,*
   137 F.3d 12 (1st Cir. 1998)............................................................................10

*Blue Ridge Farms, Inc. v. Crown Equip. Corp.,*
   No. 01 CV 8460SJ, 2005 WL 755756 (E.D.N.Y. Mar. 28, 2005) ...................9, 10-11

*Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.,*
   98 F.3d 13 (2d Cir. 1996) ...............................................................................8

*Canstar v. J.A. Jones Const. Co.,*
   212 A.D.2d 452, 622 N.Y.S.2d 730 (1st Dep't 1995)....................................13

*Carmania Corp., N.V. v. Hambrecht Terrell Int'l,*
   705 F. Supp. 936 (S.D.N.Y. 1989) .................................................................5

*Cirillo v. Slomin's, Inc.,*
   196 Misc. 2d 922, 768 N.Y.S.2d 759 (Sup. Ct. Nassau County 2003) .......11

*Citicorp Leasing, Inc. v. Kusher Family Ltd. P'ship,*
   No. 05 Civ. 9163, 2006 WL 1982757 (S.D.N.Y. Jul. 14, 2006) .................10

*City of New York v. Black & Veatch,*
   No. 95 Civ. 1299, 1997 WL 624985 (S.D.N.Y. Oct. 6, 1997)....................12

*Clark-Fitzpatrick., Inc. v. Long Island R.R. Co.,*
   70 N.Y.2d 382, 521 N.Y.S.2d 653 (1987)......................................................5

*Cohen v. Koenig,*
   25 F.3d 1168 (2d Cir. 1994) ..........................................................................4

*Conley v. Gibson,*
   355 U.S. 41, 78 S. Ct. 99 (1957) ...................................................................4

*Cortec Indus., Inc. v. Sum Holding L.P.,*
   949 F.2d 42 (2d Cir. 1991) ............................................................................10

*Durham Indus., Inc., v. North River Ins. Co.,*
   673 F.2d 37 (2d Cir. 1982),
   *cert. denied,* 459 U.S. 827, 103 S. Ct. 61 (1982)........................................12

*Fiore v. McDonald's Corp.*,
   No. CV-95-2708, 1996 WL 91908 (E.D.N.Y. Feb. 23, 1996) ...................................12

*Geler v. Nat'l Westminster Bank USA*,
   770 F. Supp. 210 (S.D.N.Y. 1991) .......................................................................13

*Goldman v. Belden*,
   754 F.2d 1059 (2d Cir. 1985) .............................................................................10

*Harris v. Provident Life & Accident Ins. Co.*,
   310 F.3d 73 (2d Cir. 2002) ................................................................................13

*Holloway v. King*,
   361 F. Supp. 2d 351 (S.D.N.Y. 2005) ...............................................................4, 7

*Kaye v. Grossman*,
   202 F.3d 611 (2d Cir. 2000) .............................................................................7, 9

*Maltz v. Union Carbide Chems. & Plastics Co., Inc.*,
   992 F. Supp. 286 (S.D.N.Y. 1998) .....................................................................10

*Michele Pommier Models, Inc. v. Men Women NY Model Mgmt., Inc.*,
   14 F. Supp. 2d 331 (S.D.N.Y. 1998) .....................................................................9

*Network Enters., Inc. v. APBA Offshore Prods., Inc.*,
   No. 01 Civ. 11765, 2004 WL 1837349 (S.D.N.Y. Aug. 16, 2004) .............................13

*Netzer v. Continuity Graphic Assocs., Inc.*,
   963 F. Supp. 1308 (S.D.N.Y. 1997) ...............................................................11-12

*New York Univ., v. Continental Ins. Co.*,
   87 N.Y.2d 308, 639 N.Y.S.2d 283 (1995) .............................................................14

*O'Brien v. Nat'l Prop. Analysts Partners*,
   936 F.2d 674 (2d Cir. 1990) .................................................................................7

*OHM Remediation Serv. Corp. v. Hughes Envt. Sys., Inc.*,
   952 F. Supp. 120 (N.D.N.Y. 1997)......................................................................13

*Orlando v. Novurania of Am., Inc.*,
   162 F. Supp. 2d 220 (S.D.N.Y. 2001) ................................................................5, 6

*Pryor v. NCAA*,
   288 F.3d 548 (3d Cir. 2002) ..............................................................................10

*Rocanova v. Equitable Life Assurance Soc'y of U.S.*,
   83 N.Y.2d 603, 612 N.Y.S.2d 339 (1994)..............................................................14

*Shred-It USA Inc. v. Mobile Data Shred,*
  222 F. Supp. 2d 376 (S.D.N.Y. 2002) .......................................................... 6

*Siemen's Credit Corp. v. Marvik Colour, Inc.,*
  859 F. Supp. 686 (S.D.N.Y. 1994) ............................................................ 10

*Sofi Classic S.A. de C.V. v. Hurowitz,*
  444 F. Supp. 2d 231 (S.D.N.Y. 2006) ........................................................ 14

*TVT Records v. Island Def Jam Music Group,*
  412 F.3d 82 (2d Cir. 2005) ..................................................................... 14

*Value Time, Inc. v. Windsor Toys, Inc.,*
  700 F. Supp. 6 (S.D.N.Y. 1988) ................................................................ 8

*Wexner v. First Manhattan Co.,*
  902 F.2d 169 (2d Cir. 1990) .................................................................... 7

## STATUTES

Fed. R. Civ. P. 9(b).............................................................................. 7

Fed. R. Civ. P. 12(e)............................................................................. 9

THELEN REID BROWN
RAYSMAN & STEINER LLP
Peter Brown
Sheryl H. Altwerger
875 Third Avenue
New York, New York 10022
(212) 603-2000

Attorneys for Defendant ePartners Incorporated


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
GMA ACCESSORIES, INC.,                          :   **ECF CASE**
                                                :
                                                :   No. 07 CV 8414 (LAK)
                              Plaintiff,         :
                                                :   **MEMORANDUM OF LAW IN**
          - against -                           :   **SUPPORT OF DEFENDANT'S**
                                                :   <u>**MOTION TO DISMISS**</u>
EPARTNERS INC.                                  :
                              Defendant.         :
                                                :
                                                :
------------------------------------------------------------- X


<u>**PRELIMINARY STATEMENT**</u>

    Defendant ePartners Incorporated ("ePartners"), through its attorneys Thelen Reid Brown

Raysman & Steiner LLP, respectfully submits this Memorandum of Law and the accompanying

Affirmation of Peter Brown dated October 29, 2007 (the "Brown Affirmation") in support of its

motion pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Counts 2 through 6 of

the Amended Complaint filed by GMA Accessories, Inc. ("GMA").

    The Amended Complaint purports to assert various claims based on ePartners'

performance of consulting services under certain professional services agreements between

ePartners and GMA. As set forth below, several of GMA's causes of action should be dismissed

for failure to state a claim. First, GMA's negligent misrepresentation and fraud claims are barred by the economic loss rule and fail as a matter of law because the contract and tort causes of action arise from the same agreement. In addition, even if its fraud claim survives ePartners' bid to dismiss it per the economic loss rule, GMA's sparsely-pled fraud claim fails to survive the Rule 9(b) standard which requires claims of fraud be pled with particularity. GMA's unjust enrichment claim also fails to survive the applicable Rule 12(b)(6) standard because there exists a valid, enforceable contract between the parties. GMA's breach of implied warranty claim warrants dismissal under Rule 12(b)(6) because of a valid waiver of implied warranties between the parties, and because the agreements at issue do not lend themselves to breach of implied warranty claims. Additionally, GMA's cause of action for breach of the duty of good faith and fair dealing is either improperly brought as a common-law claim or redundant of its breach of contract claim, requiring dismissal under Rule 12(b)(6) in either case. Finally, GMA's claim for punitive and exemplary damages must be dismissed per Rule 12(b)(6) because, as a matter of law, the allegations do not rise to the requisite level to afford GMA such damages.

For these reasons, and as set forth more fully below, these claims should be dismissed for failure to state a cause of action.

## STATEMENT OF FACTS

GMA complains of the performance of ePartners pursuant to a Master Service Order, a Service Order, and Master Services Agreement between the two parties. GMA, a New York-based fashion distributor with global shipping needs, retained ePartners' services to tailor certain Microsoft software. Under the terms of the Master Service Order, dated June 8, 2005, ePartners was to appoint a project manager, who would participate on a project committee comprised of

GMA personnel. ePartners was also to provide status reports to the GMA project committee. Under the Master Service Order, GMA would pay ePartners a total of $1,250,000 over seven installments, the first being a payment of $100,000 upon the project kick-off in June 2005. The parties also negotiated rates for services and travel fees performed outside the scope of the Master Service Order. (The Master Service Order is attached to Plaintiff's Amended Complaint as Exhibit B).

The Master Service Order also required ePartners to meet with GMA's "core team" to educate ePartners on GMA's business practices and processing requirements. In turn, ePartners was to educate GMA on the ins-and-outs of the software, define expectations, and establish a timeline for implementation. The Master Service Order required the initiation of services to begin on June 13, 2005, and listed the go live date as to be determined "by the Core Team and the ePartners project team." ePartners also agreed to deploy eight employees to work on the project, including a "Subject Matter Expert."

A Master Services Agreement between the parties contains limitation of warranty language. ePartners warranted that it would perform its services in a good and workmanlike manner, and that in the case of a breach of the warranty, ePartners would be required to duplicate its performance in a compliant manner. The warranty disclaimer in the Master Services Agreement provides:

> **[EPARTNERS]... MAKES NO REPRESENTATIONS OR WARRANTIES, EXPRESS OR IMPLIED, REGARDING ANY MATTER, INCLUDING, WITHOUT LIMITATION, THE MERCHANTABILITY, SUITABILITY, ORIGINALITY, FITNESS FOR A PARTICULAR USE OR PURPOSE, OR RESULTS TO BE DERIVED FROM THE USE OF, ANY SERVICE, SOFTWARE, OR OTHER MATERIALS PROVIDED UNDER ANY SERVICE ORDER. EPARTNERS DOES NOT REPRESENT OR WARRANT THAT THE OPERATION OF ANY SOFTWARE WILL BE**

**UNINTERRUPTED OR ERROR-FREE. CUSTOMER ACKNOWLEDGES THAT IT IS A SOPHISTICATED PARTY TO THIS AGREEMENT AND RECOGNIZES AND AGREES THAT THIS PROVISION IS AN INTEGRAL PART OF EPARTNERS' PRICING AND AN IMPORTANT FACTOR IN ITS WILLINGNESS TO PERFORM SERVICES HEREUNDER.**

Master Services Agreement Section 6.0 (Exhibit A to Plaintiff's Amended Complaint) (emphasis in original).

By letter dated September 1, 2006, William Maloof, the CFO of GMA, informed David Dickey, ePartners' Senior Vice President, that GMA was "extremely dissatisfied" with ePartners' performance under the Master Service Agreement and Master Service Order. Consequently, Maloof terminated the Master Service Agreement and the Master Service Order pursuant to Section 8.2 of the Master Service Agreement, and made a demand for damages.

In August 2007, GMA filed an arbitration action against ePartners in Dallas, Texas. The parties subsequently agreed to take the matter out of arbitration, agreed that the matter would be litigated in the United States District Court for the Southern District of New York, and agreed that the matter would be subject to New York law. GMA filed its Complaint and Jury Demand on September 27, 2007 and later filed an Amended Complaint on October 11, 2007.

## ARGUMENT

ePartners moves for the dismissal under Rule 12(b)(6) of several of GMA's causes of action because GMA has failed to state claims upon which relief can be granted. Dismissal of claims upon a motion under Rule 12(b)(6) is appropriate if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claims that entitle him to relief. *See Cohen v. Koenig,* 25 F.3d 1168, 1172 (2d Cir. 1994) (citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)); *Holloway v. King,* 361 F. Supp. 2d 351, 355 (S.D.N.Y. 2005) (Kaplan, J.).

4

As demonstrated below, dismissal of Counts 2 through 6 of the Amended Complaint is appropriate here, because GMA has not and cannot demonstrate the facts necessary to entitle it to the requested relief.

## POINT I

### Plaintiff's Claims for Negligent Misrepresentation, Fraud and Fraud in the Inducement Fail to State Claims for Which Relief May be Granted Due to New York's Economic Loss Rule and Plaintiff's Failure to Plead its Fraud Claims with Sufficient Particularity

**A.    New York's Economic Loss Rule Bars GMA's Negligent Misrepresentation and Fraud Claims**

GMA's allegations of negligent misrepresentation, fraud and fraud in the inducement are barred under the economic loss rule. Under New York's economic loss rule, a plaintiff who has suffered only an economic loss, but not personal or property injury, is restricted to an action for the benefit of its bargain. If the damages sought are the type that are remedial in contract, a plaintiff may not recover in tort. *See Orlando v. Novurania of Am., Inc.,* 162 F. Supp. 2d 220, 225 (S.D.N.Y. 2001); *Carmania Corp., N.V. v. Hambrecht Terrell Int'l,* 705 F. Supp. 936, 938 (S.D.N.Y. 1989). The following causes of action are remedial in contract, and are thus subject to New York's economic loss rule.

### 1.    Negligent Misrepresentation

Without an allegation of a legal duty separate from the parties' agreement, GMA's negligence-based claim must be dismissed. *See Orlando,* 162 F. Supp. 2d at 224-25; *Clark-Fitzpatrick., Inc. v. Long Island R.R. Co.,* 70 N.Y.2d 382, 389-90, 521 N.Y.S.2d 653, 656-57 (1987). Plaintiff's negligent misrepresentation claim fails to plead a specific duty that arises separate and apart from the contractual duty imposed on ePartners. GMA merely pleads that

ePartners "made negligent representations" to GMA, and proceeds to list several statements allegedly made by ePartners' personnel. *See* Amended Complaint, at ¶¶ 78-90. None of these alleged statements come with an allegation that ePartners breached a legal duty separate from the parties' written agreements. In fact, they all concern ePartners' performance under the agreements. Therefore, this claim warrants dismissal because it is remedial in the parties' written agreements.

### 2.    <u>Fraud and Fraud in the Inducement</u>

Fraud-based claims are precluded under the economic loss rule when a plaintiff seeks damages that solely relate to an alleged loss of the benefit of its bargain. *See Orlando*, 162 F. Supp. 2d at 225-26 (precluding fraudulent inducement claim); *see also Shred-It USA Inc. v. Mobile Data Shred*, 222 F. Supp. 2d 376, 379 (S.D.N.Y. 2002) ("For claims alleging only economic loss, however, the usual means of redress is an action for breach of contract; a tort action for economic loss will not lie.").

GMA's fraud and fraud in the inducement claims seek damages solely related to the parties' written agreements. *See* Amended Complaint, at ¶¶ 91-102. The damages GMA alleges in connection with these claims are the exact same damages alleged under every other cause of action asserted in the Complaint. *See generally,* Amended Complaint. Nothing in GMA's fraud count indicates that GMA seeks damages unrelated to the benefit of its bargain under the parties' written agreements. Like the negligent misrepresentation claim, the fraud cause of action is remedial in contract. Thus, GMA has failed to state a fraud claim for which relief may be granted, warranting its dismissal.

**B.    Plaintiff's Fraud and Fraud in the Inducement Claims
Do Not Meet the Standards Set Forth in Rule 9(b)**

In addition to the grounds set forth in Section A above, and in the alternative, GMA's fraud and fraud in the inducement claims have not been pled according to the minimum standards of the Federal Rules and New York law and thus should be dismissed. Per Rule 9(b), fraud claims must be pled with particularity, other than scienter (intent), which may be inferred. *See* FED. R. CIV. P. 9(b). In order to plead a fraud claim with the required particularity, the claim must: (1) specify the statements that the party contends were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent. *Acito v. IMCERA Group, Inc.,* 47 F.3d 47, 51 (2d Cir. 1995) (internal citations omitted). This rule allows a defendant to receive fair notice of the claim, to protect its reputation against "improvident charges of wrongdoing," and as protection from strike suits. *O'Brien v. Nat'l Prop. Analysts Partners,* 936 F.2d 674, 676 (2d Cir. 1990) (internal citations omitted). Though a plaintiff is required to only plead a factual basis that gives rise to a strong inference of fraudulent intent, the requirement does not mean that the plaintiff is given a license to base claims of fraud on speculation and conclusory allegations. *Id.*; *Wexner v. First Manhattan Co.,* 902 F.2d 169, 172 (2d Cir. 1990).

A plaintiff asserting an actual fraud or fraud in the inducement claim must show that: (1) the party made a material false statement, (2) with knowledge of its falsity, (3) the party intended to defraud the complaining party thereby, (4) the complaining party justifiably or reasonably relied upon the representation, and (5) the complaining party suffered damage as a result of the misrepresentation. *See Kaye v. Grossman,* 202 F.3d 611, 614 (2d Cir. 2000); *Holloway v. King,* 361 F. Supp. 2d 351, 359-60 (S.D.N.Y. 2005). In addition, a plaintiff cannot base a fraud in the

inducement claim solely upon the failure to perform promises of future acts, which constitute the contractual obligations in and of themselves. *See Value Time, Inc. v. Windsor Toys, Inc.,* 700 F. Supp. 6, 7 (S.D.N.Y. 1988); *see also Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.,* 98 F.3d 13, 19-20 (2d Cir. 1996) (holding that even intentionally false statements indicating an intent to perform under a contract are not enough to satisfy a fraud in the inducement claim).

Neither the "Factual Allegations" section of the Complaint nor the section of the Complaint describing GMA's fraud cause of action lists any alleged material false statements. *See* Amended Complaint, at ¶¶ 10-56; 91-102.   In fact, all but one of the alleged "misrepresentations" in the Fraud section is dated *after* June 8, 2005 (the date of execution of the agreements between the parties); certainly, statements made after the execution of an agreement can hardly be characterized as made to fraudulently induce a party into forming the agreement. The pre-June 8, 2005 "misrepresentation" does not allege anything close to a fraudulent misrepresentation, but rather describes a "proposal" that was "pitched" to GMA.  *Id.* at ¶ 94. Next, GMA alleges that ePartners "purported to outline the GMA project." *Id.* at ¶ 95.  Again, this paragraph does not contain anything even close to a false statement or misrepresentation. Finally, GMA alleges that representatives of ePartners "assured" GMA that it would have the project "up and running" and that "problems would be corrected." *Id.* at ¶ 96-97.  Not only do these paragraphs not contain any material false statements, but the alleged statements (if true) are merely promises to perform under contractual obligations, which cannot be the basis for a fraud claim.  Taken as a whole, the alleged fraudulent statements in the Amended Complaint do not meet the standards for a fraud claim in that they fail to meet New York's particularity requirements set forth above.  GMA's allegations of fraud are mere recitals of some of the basic elements of a fraud claim that fail to meet the Rule 9(b) standard.  Based on the foregoing,

GMA's fraud claim fails to state a claim for which relief may be granted, and should be dismissed.[1]

## POINT II

### Plaintiff's Unjust Enrichment Claim Fails to State a Claim for Which Relief May be Granted Because There is a Valid Written Agreement Between the Parties

GMA's sparsely pled unjust enrichment claim fails to state a claim for which relief may be granted. The quasi-contractual doctrine of unjust enrichment exists when there is no express contract between two parties and when a court infers the existence of an implied contract in order to prevent one person from unjustly enriching himself at the other party's expense. *See Michele Pommier Models, Inc. v. Men Women NY Model Mgmt., Inc.,* 14 F. Supp. 2d 331, 338 (S.D.N.Y. 1998). Under New York law, a valid contract between two parties preempts the need for a quasi-contractual claim for relief such as unjust enrichment. *See Blue Ridge Farms, Inc. v. Crown Equip. Corp.,* No. 01 CV 8460SJ, 2005 WL 755756, at *15 (E.D.N.Y. Mar. 28, 2005). "Unjust enrichment claims are designed to allow compensation under principles of equity when principles of contract law are inadequate to compensate an unjustly deprived party." *Blue Ridge Farms,* 2005 WL 755756, at *15 (citing *Kaye v. Grossman,* 202 F.3d 611, 616 (2d Cir. 2000)).

In the present case, GMA acknowledges the existence of a valid, written agreement between the parties. Indeed, the first cause of action asserted in the Amended Complaint is for breach of contract and GMA attaches copies of most of the executed agreements at issue to its

---

[1] In the alternative, and in the event GMA's fraud and fraud in the inducement claims survive ePartners' Motion to Dismiss, ePartners moves for a more definite statement from GMA on these claims. Federal Rule of Civil Procedure 12(e) states: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired." FED. R. CIV. P. 12(e). GMA's fraud claims are so vague and ambiguous that ePartners cannot reasonably frame a responsive pleading, and GMA should therefore be required to provide a more definite statement in the event that the fraud claims survive the Motion to Dismiss.

Complaint. For these reasons, GMA's unjust enrichment cause of action is improper and must be dismissed.[2]

## POINT III

### Plaintiff's Breach of Implied Warranty Claim Fails to State a Claim for Which Relief May be Granted Because the Agreements are Service-Oriented Contracts and Contain a Valid Warranty Disclaimer

**A.    GMA Agreed to a Waiver of Implied Warranties**

GMA's breach of implied warranty cause of action should be dismissed because the parties' Master Service Agreement, which was referenced in GMA's Amended Complaint and attached as Exhibit A thereto, contains a valid warranty disclaimer that expressly disclaims implied warranties.

Under New York law, contractual waivers of warranties are not contrary to public policy. *See Siemen's Credit Corp. v. Marvik Colour, Inc.,* 859 F. Supp. 686, 695 (S.D.N.Y. 1994). "It is well-settled that under New York law, parties to a contract may exclude or modify implied warranties so long as the warranty disclaimer is conspicuous and specific." *Citicorp Leasing, Inc. v. Kusher Family Ltd. P'ship,* No. 05 Civ. 9163, 2006 WL 1982757, at *5 (S.D.N.Y. Jul. 14, 2006) (quoting *Maltz v. Union Carbide Chems. & Plastics Co., Inc.,* 992 F. Supp. 286, 304 (S.D.N.Y. 1998)).

A conspicuous, specific exclusion of warranties within a contract is sufficient to defeat a claim of breach of implied warranty. *See Blue Ridge Farms,* 2005 WL 755756, at *15 (dealing

---

[2] Generally, under Rule 12(b)(6), matters outside the pleadings that are presented to and considered by the Court transform a motion to dismiss for failure to state a claim to a motion for summary judgment per Rule 56. However, it is well-settled that if evidence is expressly alleged in a complaint and if the evidence's authenticity is undisputed, a court may consider said evidence without converting the motion from a motion to dismiss to a motion for summary judgment. *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir. 1991); *Goldman v. Belden,* 754 F.2d 1059, 1065-66 (2d Cir. 1985); *see also Pryor v. NCAA,* 288 F.3d 548, 559-60 (3d Cir. 2002); *Beddall v. State St. Bank & Trust Co.,* 137 F.3d 12, 17 (1st Cir. 1998).

with warranties of merchantability and fitness for a particular purpose). Where a contract "contains a statement, in all capitals, under a bold heading, to the effect that [a defendant] makes no express or implied warranties as to any matter whatsoever," New York courts will find a valid waiver of implied warranties. *Cirillo v. Slomin's, Inc.*, 196 Misc. 2d 922, 938, 768 N.Y.S.2d 759, 772 (Sup. Ct. Nassau County 2003).

The Master Services Agreement between the parties contains a valid warranty disclaimer under the standards of New York law. The disclaimer paragraph is: (1) set apart from the other provisions in the agreement; (2) written in bold all-capital letters; and (3) is in a font size larger than the other paragraphs in the agreement. *See* Master Services Agreement, attached as Exhibit A to Plaintiff's Amended Complaint. Furthermore, as noted above, the disclaimer clearly expresses that ePartners "makes no representations or warranties, express or implied, regarding any matter." *Id.* It further acknowledges that GMA (the customer) is a sophisticated party to the agreement. *Id.*

Because the provision is a valid waiver of implied warranties, GMA's claim of breach of implied warranty must be dismissed pursuant to Rule 12(b)(6).

**B.    New York Law Does Not Recognize a Cause of Action for Breach of Implied Warranty of a Service-Oriented Contract**

In addition to the grounds set forth in Section A above, and in the alternative, GMA's breach of implied warranty cause of action should be dismissed because, under New York law, a plaintiff may not bring an action for breach of implied warranty for the performance of professional services in service-oriented contracts. *See Aegis Prods., Inc. v. Arriflex Corp. of Am.*, 25 A.D.2d 639, 639, 268 N.Y.S.2d 185, 187 (1st Dep't 1966) ("No warranty attaches to the performance of a service."); *see also Netzer v. Continuity Graphic Assocs., Inc.*, 963 F. Supp.

11

1308, 1320 (S.D.N.Y. 1997); *City of New York v. Black & Veatch,* No. 95 Civ. 1299, 1997 WL 624985, at *5 (S.D.N.Y. Oct. 6, 1997).

In the present case, GMA's claims focus on ePartners' performance of professional services under the parties' service-oriented contracts. GMA does not complain about the quality or usefulness of the software product that was delivered to GMA simultaneous with ePartners' consulting services. Because the agreements between the parties called only for the performance of services, GMA's breach of warranty cause of action is barred by New York law.

## POINT IV

**Plaintiff's Claim of Breach of Duty of Good Faith and Fair Dealing
Fails to State a Claim for Which Relief May be Granted Because
It is Improperly Pled and Duplicative of its Breach of Contract Claim**

**A.    The Common Law Cause of Action for Breach of Duty of
Good Faith and Fair Dealing is Inapplicable to the Present Case**

An allegation for common law breach of a duty of good faith must include an allegation that there was "fraud aimed at the public generally, evincing a high degree of moral turpitude, and demonstrating such wanton dishonesty as to imply a criminal indifference to civil obligations." *Fiore v. McDonald's Corp.,* No. CV-95-2708, 1996 WL 91908, at *11 (E.D.N.Y. Feb. 23, 1996) (internal quotations omitted) (citing *Durham Indus., Inc. v. North River Ins. Co.,* 673 F.2d 37, 41 (2d Cir. 1982), *cert. denied,* 459 U.S. 827, 103 S. Ct. 61 (1982)).

GMA has not alleged any facts which would satisfy the prerequisites set forth above. In fact, its cause of action is so sparsely pled that it is unclear whether it seeks redress under a theory of a common law duty of good faith or whether it seeks damages because of an alleged breach of a duty associated with the parties' written agreements. *See* Amended Complaint, at ¶¶ 67-71. Regardless, it is clear that GMA has made no allegations that ePartners engaged in any

fraudulent activity aimed at the general public evidencing any degree of moral turpitude or wanton dishonesty. Because GMA has not, and cannot, establish that ePartners breached any common law duty of good faith under New York law, its claim must be dismissed.

**B.    The Breach of Duty of Good Faith Claim is Duplicative of GMA's Breach of Contract Claim**

Under New York law, parties to a written agreement are bound by an implied duty of good faith, and a breach of that duty is a breach of the underlying agreement. *See Harris v. Provident Life & Accident Ins. Co.,* 310 F.3d 73, 80 (2d Cir. 2002); *OHM Remediation Servs. Corp. v. Hughes Envtl. Sys., Inc.,* 952 F. Supp. 120, 124 (N.D.N.Y. 1997); *Network Enters., Inc. v. APBA Offshore Prods., Inc.,* No. 01 Civ. 11765, 2004 WL 1837349, at *4 (S.D.N.Y. Aug. 16, 2004). The duty of parties to act in good faith when bound by a contractual agreement is not a duty separable from the contract, which makes a breach of a duty of good faith and fair dealing intrinsically tied to the damages allegedly resulting from a breach of contract. *See Network Enters., Inc.,* 2004 WL 1837349, at *4; *see also Geler v. Nat'l Westminster Bank USA,* 770 F. Supp. 210, 215 (S.D.N.Y. 1991); *Canstar v. J.A. Jones Const. Co.,* 212 A.D.2d 452, 453, 622 N.Y.S.2d 730, 731 (1st Dep't 1995).

As noted above, GMA's allegations stem directly from its written agreements with ePartners. New York law simply does not recognize a cause of action for breach of a duty of good faith and fair dealing separate and apart from a breach of contract claim where, as here, a contract exists between the parties. This cause of action should therefore be dismissed.

13

## POINT V

### Plaintiff's Claim for Punitive and Exemplary Damages Fails to State a Claim for Which Relief May be Granted Because GMA Cannot Seek Punitive Damages for Tort Claims and Because the Parties Agreed to Limit Damages

**A.      GMA May Not Seek Punitive Damages for Any Torts Arising From a Related Contract Claim**

In the event that the Court allows GMA to retain any of its tort claims, GMA's claim for punitive and exemplary damages must be dismissed pursuant to Rule 12(b)(6). To be eligible to recover punitive damages for a tort claim that arises from a related contract claim, "a plaintiff must demonstrate that the alleged misconduct was aimed at the public generally and that the misconduct evinced a high degree of moral turpitude such as to imply a criminal indifference to civil obligations." *Sofi Classic S.A. de C.V. v. Hurowitz*, 444 F. Supp. 2d 231, 247-48 (S.D.N.Y. 2006) (quoting *Rocanova v. Equitable Life Assurance Soc'y of U.S.*, 83 N.Y.2d 603, 613, 612 N.Y.S.2d 339, 342 (1994)) (internal quotations omitted). Even pre-contractual tort claims, such as fraudulent inducement, are subject to this analysis. *See Hurowitz*, 444 F. Supp. 2d at 248; *see also TVT Records v. Island Def Jam Music Group*, 412 F.3d 82, 95-96 (2d Cir. 2005); *New York Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 315-16, 639 N.Y.S.2d 283, 287 (1995) (suggesting that fraudulent inducement claims "arise from" related contract claims).

In the present case, GMA makes no allegation that ePartners' alleged conduct was aimed at harming the public. In fact, all of its tort allegations against ePartners are crafted so as to paint a picture that ePartners specifically targeted its alleged wrongdoings at GMA. Because there is no allegation of public harm, GMA's claim for punitive and exemplary damages must be dismissed.

**B.    GMA and ePartners Agreed to**
      <u>**Exclude Claims for Exemplary Damages**</u>

The parties also expressly agreed to certain limitations of liability and damages.  To wit,

the Master Services Agreement mandates that:

> Neither party shall be liable to the other for any incidental,
> indirect, exemplary, special or consequential damages, under any
> circumstances…. Under no circumstances shall ePartners'
> aggregate cumulative liability… exceed the total amount of fees
> actually paid to ePartners under the Service Order from which the
> claim arises…. Customer acknowledges that  the fees  paid by it
> reflect the allocation of risk set forth in this Agreement and that
> ePartners would not enter into this Agreement without these
> limitations on liability.

Master Services Agreement Section 7.4 (Exhibit A to Plaintiff's Amended Complaint).

Therefore, because the parties agreed to limit damages in the event of a dispute, GMA's claim

for punitive and exemplary damages should be dismissed.

15

## CONCLUSION

For the foregoing reasons, Defendant ePartners respectfully requests that this Court enter an order dismissing Counts 2 through 6 of Plaintiff's Amended Complaint with prejudice and granting such other relief as the Court deems just and proper.

Dated: New York, New York
      October 29, 2007

Respectfully submitted,

THELEN REID BROWN RAYSMAN &
STEINER LLP

By: _____
      Peter Brown
      Sheryl H. Altwerger

875 Third Avenue
New York, NY 10022
(212) 603-2000

Attorneys for Defendant ePartners
Incorporated

*Of Counsel:*

Hermes Sargent Bates, LLP
Amy Davis Benavides
Anthony H. Lowenberg
901 Main Street, Suite 5200
Dallas, Texas 75202
(214) 749-6000

NY #1203144 v1

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 29, 2007 I caused a true and correct copy of Defendant's

Notice of Motion to Dismiss, Memorandum of Law in Support of Defendant's Motion to

Dismiss, Affirmation of Peter Brown and Rule 7.1 Disclosure Statement, to be served via ECF

and FedEx, on the following attorney at the address listed below:


Andrew T. Sweeney
Attorney for Plaintiff GMA Accessories, Inc.
40 Wall Street, 61st Floor
New York, NY 10005
212-530-4400



Dated: New York, NY
        October 29, 2007




Sheryl H. Altwerger