THELEN REID BROWN
RAYSMAN & STEINER LLP
Peter Brown
Sheryl H. Altwerger
875 Third Avenue
New York, New York 10022
(212) 603-2000

Attorneys for Defendant ePartners Incorporated

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
GMA ACCESSORIES, INC.,                  :
                                        :    ECF CASE
                                        :
                          Plaintiff,    :    No. 07 CV 8414 (LAK)
                                        :
                                        :    **ANSWER TO COUNT I OF**
                                        :    **THE AMENDED COMPLAINT**
           - against -                  :
                                        :
                                        :
                                        :
EPARTNERS INC.                          :
                                        :
                          Defendant.    :
------------------------------------------------------------- X

Defendant, ePartners Incorporated ("Defendant"), by and through its attorneys, Thelen Reid Brown Raysman & Steiner, LLP, answers Count I of the Amended Complaint[1] as follows:

### NATURE OF THE CASE

1.  Neither admits nor denies the statements set forth in the unnumbered paragraph of the "Nature of the Case" section of the Amended Complaint insofar as they require no response

---

[1] On October 29, 2007, Defendant filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the remaining counts of the Amended Complaint. Defendant hereby reserves all rights, defenses and arguments raised in that motion.

and to the extent that the assertions are deemed to be assertions that require a response, denies each and every allegation, except avers that Defendant entered into various agreements with Plaintiff and that those agreements form the basis of the present lawsuit.

## PARTIES

2. Denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Amended Complaint.

3. Denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Amended Complaint.

4. Denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Amended Complaint.

5. Admits the allegations of paragraph 4 of the Amended Complaint.

6. Admits the allegations of paragraph 5 of the Amended Complaint.

## JURISDICTION AND VENUE

7. Denies the allegations of paragraph 6 of the Amended Complaint, except avers that plaintiff seeks to invoke subject matter jurisdiction as set forth therein.

8. Denies the allegations of paragraph 7 of the Amended Complaint, except avers that plaintiff asserts that venue is proper.

9. Denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Amended Complaint.

10. Admits the allegations of paragraph 9 of the Amended Complaint.

## FACTUAL ALLEGATIONS

11.  Denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Amended Complaint.

12.  Denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Amended Complaint.

13.  Denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Amended Complaint.

14.  Denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Amended Complaint.

15.  Denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Amended Complaint.

16.  Denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Amended Complaint.

17.  Denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Amended Complaint.

18.  Denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Amended Complaint.

19.  Denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Amended Complaint.

20.  Denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Amended Complaint.

21.  Denies the allegations of paragraph 20 of the Amended Complaint, except avers that a representative of Plaintiff signed the referenced document.

22. Denies the allegations of paragraph 21 of the Amended Complaint, except avers that the referenced document pertains to the sale of software, and respectfully refers the Court to the Product Order for its contents.

23. Admits the allegations of paragraph 22 of the Amended Complaint.

24. Denies the allegations of paragraph 23 of the Amended Complaint, except avers that per the referenced document, Defendant was to provide certain professional services to Plaintiff, and respectfully refers the Court to the Master Services Agreement for its contents.

25. Admits the allegations of paragraph 24 of the Amended Complaint.

26. Denies the allegations of paragraph 25 of the Amended Complaint, except avers that the referenced document pertains to the professional services that Defendant was to provide to Plaintiff, and respectfully refers the Court to the Master Services Agreement for its contents.

27. Denies the allegations of paragraph 26 of the Amended Complaint.

28. Denies the allegations of paragraph 27 of the Amended Complaint.

29. Denies the allegations of paragraph 28 of the Amended Complaint.

30. Denies the allegations of paragraph 29 of the Amended Complaint.

31. Denies the allegations of paragraph 30 of the Amended Complaint, except avers that the parties entered into the referenced document.

32. Neither admits nor denies the statements set forth in paragraph 31 of the Amended Complaint insofar as they require no response and to the extent the assertions are deemed to be assertions that require a response, denies each and every allegation.

33. Denies the allegations of paragraph 32 of the Amended Complaint, and respectfully refers the Court to the referenced documents for their terms.

4

34. Denies the allegations of paragraph 33 of the Amended Complaint, except avers that the referenced section in the referenced document concerns personnel changes, and respectfully refers the Court to the referenced documents for their terms.

35. Denies the allegations of paragraph 34 of the Amended Complaint, except avers that the referenced section in the referenced document concerns a warranty, and respectfully refers the Court to the referenced document for its terms.

36. Denies the allegations of paragraph 35 of the Amended Complaint, except avers that the referenced section in the referenced document concerns construction of the system made the basis of the present lawsuit, and respectfully refers the Court to the referenced document for its terms.

37. Denies the allegations of paragraph 36 of the Amended Complaint, except avers that the referenced section in the referenced document concerns the identification of functional requirements, and respectfully refers the Court to the referenced document for its terms.

38. Denies the allegations of paragraph 37 of the Amended Complaint, except avers that the referenced section in the referenced document concerns providing assistance for technical resources, and respectfully refers the Court to the referenced document for its terms.

39. Denies the allegations of paragraph 38 of the Amended Complaint, except avers that the referenced section in the referenced document concerns configurations for domestic and international operations, and respectfully refers the Court to the referenced document for its terms.

40. Denies the allegations of paragraph 39 of the Amended Complaint, except avers that the referenced section in the referenced document concerns mapping, and respectfully refers the Court to the referenced document for its terms.

41. Denies the allegations of paragraph 40 of the Amended Complaint, except avers that the referenced section in the referenced document concerns retention of a Subject Matter Expert, and respectfully refers the Court to the referenced document for its terms.

42. Denies the allegations of paragraph 41 of the Amended Complaint.

43. Denies the allegations of paragraph 42 of the Amended Complaint.

44. Denies the allegations of paragraph 43 of the Amended Complaint.

45. Denies the allegations of paragraph 44 of the Amended Complaint.

46. Denies the allegations of paragraph 45 of the Amended Complaint.

47. Denies the allegations of paragraph 46 of the Amended Complaint.

48. Denies the allegations of paragraph 47 of the Amended Complaint.

49. Denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Amended Complaint.

50. Denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Amended Complaint.

51. Denies the allegations of paragraph 50 of the Amended Complaint.

52. Denies the allegations of paragraph 51 of the Amended Complaint.

53. Denies the allegations of paragraph 52 of the Amended Complaint.

54. Denies the allegations of paragraph 53 of the Amended Complaint.

55. Denies the allegations of paragraph 54 of the Amended Complaint.

56. Denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 55 of the Amended Complaint.

57. Denies the allegations of paragraph 56 of the Amended Complaint.

## COUNT I – (Breach of Contract)

58. With regard to the allegations contained in paragraph 57 of the Amended Complaint, Defendant repeats and realleges each of its answers to paragraphs 1 through 56 as if fully set forth herein.

59. Neither admits nor denies the statements set forth in paragraph 58 of the Amended Complaint insofar as it contains legal conclusions or statements of law to which no answer by Defendant is required and to the extent that the assertions are deemed to be assertions that require a response, denies each and every allegation.

60. Denies the allegations of paragraph 59 of the Amended Complaint.

61. Denies the allegations of paragraph 60 of the Amended Complaint.

62. Denies the allegations of paragraph 61 of the Amended Complaint.

63. – 102. Neither admits nor denies the allegations of paragraphs 62 through 102 of the Amended Complaint, as those paragraphs are the subject of Defendant's Motion to Dismiss, filed on October 29, 2007, which requests that Counts 2 through 6 of the Amended Complaint (contained in paragraphs 62 – 102) be dismissed with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6). Defendant incorporates its Motion to Dismiss by reference herein.

### AS A FIRST AFFIRMATIVE DEFENSE

103. The Complaint fails to state a claim upon which relief can be granted.

### AS A SECOND AFFIRMATIVE DEFENSE

104. Plaintiff's claims are barred in whole or in part due to its own conduct.

### AS A THIRD AFFIRMATIVE DEFENSE

105. Plaintiff is estopped from asserting its claims in whole or in part due to its own conduct.

7

### AS A FOURTH AFFIRMATIVE DEFENSE

106. Plaintiff has failed to mitigate its damages, if any.

### AS A FIFTH AFFIRMATIVE DEFENSE

107. Plaintiff's claims are barred in whole or in part based upon the doctrine of unclean hands.

### AS A SIXTH AFFIRMATIVE DEFENSE

108. The damages Plaintiff seeks to recover are barred in whole or in part by, among other things, the warranty disclaimer contained in Section 6.0 of the parties' Master Services Agreement.

### AS A SEVENTH AFFIRMATIVE DEFENSE

109. Defendant has performed its obligations in accordance with the agreements between the parties.

### AS AN EIGHTH AFFIRMATIVE DEFENSE

110. Defendant has delivered, and plaintiff has received, the benefit of its bargain under the agreements between the parties.

### AS A NINTH AFFIRMATIVE DEFENSE

111. Defendant reserves the right to raise any and all other defenses that may become evident during discovery and during any other proceedings in this action.

**WHEREFORE**, Defendant respectfully requests judgment:

    (a) dismissing Count I of the Complaint with prejudice;

    (b) awarding Defendant its reasonable attorneys' fees, costs and disbursements; and

    (c) for such other and further relief as the Court deems just, proper and equitable.

Dated: New York, New York
November 2, 2007

                              THELEN REID BROWN RAYSMAN &
                              STEINER LLP

                              By: /s/ Peter Brown
                                  Peter Brown
                                  Sheryl H. Altwerger

                              875 Third Avenue
                              New York, NY 10022
                              (212) 603-2000

                              Attorneys for Defendant ePartners
                              Incorporated

*Of Counsel:*

Hermes Sargent Bates, LLP
Amy Davis Benavides
Anthony H. Lowenberg
901 Main Street, Suite 5200
Dallas, Texas 75202
(214) 749-6000

NY #1205926 v1

9

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2007 I caused a true and correct copy of Defendant's Answer to Count I of the Amended Complaint, to be served via ECF and FedEx, on the following attorney at the address listed below:

Andrew T. Sweeney
Attorney for Plaintiff GMA Accessories, Inc.
40 Wall Street, 61st Floor
New York, NY 10005
212-530-4400

Dated: New York, NY
November 2, 2007

Sheryl H. Altwerger