UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GMA ACCESSORIES, INC.

                Plaintiff,

                                                        Civil Action No.:  07 CV 8414 (LAK)

    - against -

EPARTNERS, INC.

                Defendant.
-------------------------------------------------------X

### PRELIMINARY STATEMENT

Defendant has filed a motion to dismiss plaintiff's fraud and negligence claims as well as its equitable claims in a motion that glosses over much of the law in the Southern District as well as several on point controlling Court of Appeals decisions. An answer was filed only with regard to plaintiff's breach of contract claim. Plaintiff respectfully asks that the motion be denied for the reasons contained herein.

### POINT I:

### The Economic Loss Rule does not apply to ePartner's failures

The Economic Loss Rule was "adopted as part of admiralty law" and survives today primarily "in the context of product liability". *Hydro Investors v. Teafalgar*, 227 F.3d 8,16 (2d Cir. 2000).

It is now the law that a professional service provider is not covered by the economic loss rule because there is a duty to provide proper services that exists whether or not the service provider is contractually bound to provide proper services. Id at 17. *Kimmel v. Schaefer*, 89 N.Y.2d 257, 263 (1996) ("a duty to speak with care exists when the relationship of the parties, arising out of contract or otherwise, is such that in morals and good conscience the one has the right to rely upon the other for information"). See also *EED Holdings v. Palmer Johnson Acquisition Corp.*, 387 F. Supp. 2d 265, 278 (S.D.N.Y. 2004) ("New York courts have routinely permitted fraud and contract claims to proceed in tandem for the purpose of recovering pure economic loss").

The fact that "GMA suffered pecuniary losses only is of no significance". Id at 18. Here it is undisputed that ePartners are computer systems experts and that GMA relied upon this expertise in believing the ePartners' representation that its AXAPTA system was the "state of the art computer system for [GMA's] fashion accessory wholesale business, [that] ePartners proposed to GMA…as part of the solution". See paragraphs 10 and 13 of amended complaint. These are further particularized in paragraphs 10, 11, 18, 19, and 20 of the second amended complaint annexed as Exhibit 3 to the accompanying declaration of John P. Bostany.

Where, as here, plaintiff alleges a claim of fraudulent inducement based on false statements of present fact that induced plaintiff's entry into the contract, courts do not dismiss such claims as duplicative of the contract claim. *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2nd Cir. 1994) ("a relatively concrete representation as to a company's future performance, if made at a time when the speaker knows that the represented level of performance cannot be

2

achieved, may be a claim of fraud"); *EED*, 387 F. Supp. 2d at 279 (same).  See also *AT & T Information Systems, Inc. v. McLean Business Services, Inc.*, 175 A.D.2d 652, 583 (4th Dept. 1991) (fraud claim not dismissed where a vendor misrepresented the capacities of a system in order to induce the customer).

Plaintiff's fraud claims do not simply seek "benefit of the bargain" damages.  Rather, plaintiff seeks all of the damages that it suffered as the result of the fraud, including out of pocket losses, damage to its business, as well as rescission of the contract.  In these circumstances, it cannot be said at this pleading stage that the fraud damages merely duplicate contract damages.  *EED*, 387 F. Supp. 2d at 279 ("[T]he damages that EED seeks to recover in its fraud claim are distinct from the 'benefit of the bargain' damages sought in the contract claim.  While there is no specification of these damages in the complaint, no such specification is required.").

Plaintiff's negligent misrepresentation claim is not precluded by the economic loss rule.  As it did with the fraud claims, Defendant incorrectly asserts that the economic loss rule precludes negligent misrepresentation claims. Defendant is wrong.  "A cause of action for negligent misrepresentation may be founded on a contract."  *Tompkins PLC v. Bangor Punta Consolidated Corp.*, 599 N.Y.S.2d 563, 564 (App. Div. 1st Dep't 1993).  See also *Nielson Media Research, Inc. v. Microsystems Software, Inc.*, 2002 WL 31175223, at *11 (S.D.N.Y. 2002) (upholding negligent misrepresentation claim against computer software developer even where contract claim was asserted); *Kimmel*, 89 N.Y.2d at 263 (energy systems experts had a duty to speak with care and were liable for negligent representation).

3

The Second Circuit has recently confirmed "that alleged misrepresentation of present fact could support a fraudulent inducement claim even when the misrepresentation would breach a contractual warranty." *M-101, LLC v. iN Demand L.L.C.*, 2007 WL 4258191 at *3 (S.D.N.Y.) (Citing *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 183-84 (2d Cir. 2007)).

## POINT II

### Plaintiff may seek damages in equity

Defendant has not acknowledged or admitted that all 4 contracts are valid and enforceable and that damages are owed under contract law[1]. It is axiomatic that, under New York law, a plaintiff may plead quasi-contract claims in the alternative to a contract. *Nielsen Media Research, Inc. v. Microsystems Software, Inc.*, 2002 WL 31175223 at *11 (S.D.N.Y.). See also *Maalouf v. Salomon Smith Barney, Inc.*, 2003 WL 1858153 at *7 (S.D.N.Y.) ("the fact that Maalouf may only *recover* on one claim, either contract or quasi-contract, certainly does not preclude him from *pleading* unjust enrichment in the alternative").

Similarly, with regard to the good faith and fair dealing claim, plaintiff should be "permitted to plead this claim as an alternative to the contract claim since the defendant may

---

[1] Indeed its answer denies that at least 1 of the contracts was signed.  See Answer to paragraph 20 of Amended Complaint denying that the contract for the AXAPTA Program was signed by ePartners annexed as Exhibits 1 & 2 of Bostany Declaration.

4

assert technical defenses to the breach of contract claim which would fail to defeat its alternative claim." *M-101*, 2007 WL 4258191 at *3.

## POINT III

### There is no assumption that a disclaimer in one contract applies to all contracts

It is undisputed that GMA has alleged the existence of different contracts, some relating to services, some relating to products. It is respectfully submitted that on a motion to dismiss defendant cannot pluck disclaimer language from one of the contracts, and ask the Court to presume that it applies to all contracts. See *RYKO Manufacturing Company v. Thornwood Car Wash, Inc.*, 39 A.D.3d 524, 526 (2d Dept. 2007) (breach of warranty claims not dismissed when disclaimer is contained in only one contract, and the movant failed to demonstrate that the parties intended the contracts to be read together).

Moreover, in making this argument, defendant quotes a "warranty disclaimer" from a contract that itself contains 3 paragraphs of "Warranties" immediately preceding this disclaimer, which makes the scope of the disclaimer even with respect to the singular contract containing the disclaimer ambiguous. And because GMA is complaining of the failure of defendant's product to perform, defendant's argument that service-oriented contracts may not have warranties is misplaced. Indeed, though defendant denies the product contract, plaintiff has pled that defendant contracted to supply AXAPTA software to plaintiff.

5

## POINT IV

## Fraud is repled with particularity

GMA's fraud claim is based on promises made by ePartners to GMA during meetings held before the contract signing, which promises were known to be false at the time, made for the purpose of inducing GMA to subsequently sign several contracts with ePartners.  See ¶¶ 13-19 of amended complaint, further particularized in paragraphs 18 and 84 of GMA's proposed second amended complaint.

Plaintiff's proposed Second Amended Complaint satisfies the fraud pleading in that it specifies the name of the persons making the false promises, sets forth the date and location that the promises were made, that the defendant by and through its senior officers sought to induce plaintiff into contract by virtue of these promises.  See ¶¶ 18, 84 and 94 of the proposed second amended complaint.  Defendant engaged in this scheme or artifice to defraud as part of an organized effort among defendant's senior officers which in the end succeeded to GMA's severe detriment insofar as ePartners defrauded GMA of the monies paid to it before GMA discovered that it was being defrauded.  Id.

"Great specificity as to scienter is not required because a plaintiff realistically cannot be expected to plead a defendant's actual state of mind." *Cohen v. Koenig*, 25 F.3d 1168, 1173 (2d Cir. 1994) (quoting *National Bank v. Fluor Corp.*, 808 F.2d 957, 962 (2d Cir. 1987)) (internal quotation marks omitted).

It is respectfully asked that plaintiff be permitted to amend its complaint for the purpose of further particularizing its fraud claim.  *Maalouf*, 2003 WL 1858153 at *3 ("the

6

usual remedy is to permit a plaintiff to amend his complaint") (citing Acito v. IMCERA Group, Inc., 47 F.3d 47, 54-55 (2d Cir. 1995)). .

### POINT V

**Whether or not punitive damages are assessed cannot be determined at the pleading stage**

It is settled that whether or not a party's "conduct was so reprehensible as to warrant such damages is a question of fact to be determined at trial." *AT & T*, 175 A.D.2d at 652 (citing *Walker v. Sheldon*, 10 N.Y.2d 401, 404; *Loughry v. Lincoln First Bank*, N.A., 67 N.Y.2d 369, 379-80; *Nardelli v. Stamberg*, 44 N.Y.2d 500, 503).

Defendant argues that one of the 4 contracts at issue contains an exemplary damages waiver, but fails again to demonstrate that this waiver applies to all 4 contracts.

### CONCLUSION

For the foregoing reasons it is respectfully asked that the motion to dismiss be denied and that plaintiff be permitted to file its proposed second amended complaint.

Dated: New York, New York
       December 12, 2007

                          Respectfully submitted,

                          THE BOSTANY LAW FIRM

                          By:   John P. Bostany
                                Attorneys for Plaintiff
                                40 Wall Street, 61st Floor
                                New York, NY 10005
                                (212) 530-4400