THE BOSTANY LAW FIRM **MEMO ENDORSED**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/5/08

40 WALL STREET

61ST FLOOR

NEW YORK, NEW YORK 10005-1304

TEL: 212-530-4400

FAX. 212-530-4488

NEW JERSEY OFFICE

ONE GATEWAY CENTER
NEWARK, NJ 07102

February 29, 2008

Hon. Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

MAR - 4 2008

Re:   *GMA Accessories, Inc.* v. *ePartners, Inc.*
      Docket No.: 07 CV 8414 (LAK)

Your Honor:

On January 16, 2008, this Firm caused a *subpoena* to be served on Mr. Eric Forgo, 1 Andrew Drive, Acton, MA 10720, requiring Mr. Forgo to appear and give testimony in this matter at a deposition at 1 Mohegan Sun Boulevard, Uncasville, CT 06382, at 10:00 A.M. on February 11, 2008. (Copies of the *subpoena* and proof of service are attached as Exhibits A and B.) Pursuant to the provisions of Rule 45 of the Federal Rules of Civil Procedure, the *subpoena* was issued by the United States District Court for the District of Connecticut, as the place of appearance, which is within 100 miles of the deponent's residence, is in that District. This firm also provided a copy of the *subpoena* to defense counsel, Thelen Reid, Brown Raysman and Steiner LLP, which has offices at 875 Third Avenue, New York, New York 10022. Despite the fact that no motion was made to quash the *subpoena*, Mr. Forgo did not appear at the time and place commanded.

At all relevant times, Mr. Forgo was a senior officer of the Defendant and was present at a meeting between senior officers of Plaintiff and Defendant at which material representations were made by Defendant to Plaintiff. Mr. Forgo was also initially involved in the attempt by Defendant to complete the work in question in this case as well as the steady failure of Defendant's personnel that led to the breach of contract. As the Complaint in this matter alleges breaches of one or more of these representations, it is respectfully submitted that Mr. Forgo is in possession of relevant and material information and is an appropriate and necessary non-party witness to be deposed.

Hon. Lewis A. Kaplan
United States District Judge
February 29, 2008
Page - 2 -

    Following receipt of the *subpoena*, counsel for the witness made several proposals to Plaintiff's counsel to change the date and location of the deposition and Plaintiff's counsel agreed subject to the execution of a stipulation. Counsel for the witness refused to sign the proposed stipulation and the witness did not appear.

    Accordingly, Plaintiff respectfully requests leave to bring a motion in this Court for an Order that Mr. Forgo appear for his deposition or, failing that, to be held in contempt. While we recognize that Rule 45(e) provides that the issuing court may hold a witness in contempt, as Mr. Forgo's attorney is present in this District and none of the parties or attorneys has any contact with the District of Connecticut, we believe that the Southern District of New York is a appropriate venue for this motion.

                                          Respectfully,

                                          The Bostany Law Firm
                                          Attorneys for Plaintiff

                                          By: _____
                                                Ronald I. Paltrowitz (RP-2746)

cc: Shirley H. Altwerger, Esq.
    Anthony Lowenberg, Esq.

Enclosures

*Leave granted*

SO ORDERED

_____
LEWIS A. KAPLAN, USDJ
3/5/08