

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------
GMA ACCESSORIES, INC.,

        Plaintiff,

- against -

EPARTNERS, INC.

        Defendant.
------------------------------------------------X

**CONSENT CONFIDENTIALITY PROTECTIVE ORDER**

Civil Action No.: 07Cv8414 (LAK)

To expedite the exchange of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, pursuant to the Court's authority under Fed. R. Civ. P. 26(c), and based on the stipulation between the parties (the "Parties") in this action, Defendant ePartners Incorporated and Plaintiff GMA Accessories, INC. ("Plaintiff"), the Court makes the following findings:

GOOD CAUSE STATEMENT

    A. During the discovery process in this case, it is expected that the Parties will disclose information and/or materials that constitute trade secret information or other confidential or proprietary research or development, commercial business or financial information (collectively, "confidential information").

B. A protective order will enable the Parties to expedite the discovery process, to protect confidential information from public disclosure, and resolve disputes over confidentiality promptly.

C. The Court finds that this Confidentiality Protective Order, allowing producing Parties to designate material as containing confidential or proprietary information subject to objection by the requesting Parties, and maintaining with the producing Party the burden of proving that good cause exists for the confidential designation, is the least restrictive alternative to protect against any harm that may result from the dissemination of these documents absent this Protective Order. The Court further finds that the Confidentiality Protective Order strikes the proper balance between the legitimate interests of the Parties and Third Parties to the protection of their confidential or proprietary materials, the discovery and use in this litigation of the materials requested and produced, and the legitimate interests of non-parties in the dissemination and use of discovery material.

IT IS HEREBY ORDERED:

1. The terms and conditions of this Confidentiality Protective Order shall apply to documents or things produced under FED.R.CIV.P. 34, responses to written interrogatories under FED.R.CIV.P. 33, responses to requests for admissions under FED.R.CIV.P. 36, testimony adduced at depositions upon oral examination or upon written request pursuant to FEDR.CIV.P. 30 and FED.R.CIV.P. 31, declarations and affidavits, and any other

material or information produced in the course of discovery in this action (hereinafter referred to collectively as "Discovery Material"), responses by a non-party to a subpoena pursuant to FED.R.CIV.P. 45, documents or things produced by any third party, including any witness ("Third Party"), and documents produced by a Party at a hearing on the case, or at any other time, but which are not responsive to a request from the other Party.

2. The Parties and Third Parties may label or mark confidential Discovery Material produced in this action as follows:

    a. Discovery Material that a Party believes in good faith to contain commercially sensitive information of the Party or its clients, may be designated as follows:

        (i) "Confidential Material," marked with the legend CONFIDENTIAL,

        (ii) "Highly Confidential," marked with the legend HIGHLY CONFIDENTIAL, or

        (iii) "Attorneys' Eyes Only Material," marked with the legend ATTORNEYS' EYES ONLY

<u>Designations of Confidentiality</u>. The following are the only methods by which a party can designate information or documents as confidential:

    b. All information contained in any page of any document produced, interrogatory answer, other documentary form of discovery response, or other document may be designated confidential by stamping each and every such page "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL," or "ATTORNEYS' EYES ONLY MATERIAL." For documents produced in electronic form, the foregoing requirement shall be satisfied if (i) a person viewing the document on a screen in the format in which it is produced will be able to see the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY MATERIAL" on each page to be designated confidential and when the document is printed in the format in which it was produced in the Action, each printed page to be designated confidential will contain the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY MATERIAL," or (ii) the CD-Rom, diskette, or transmittal email containing the confidential information is designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY MATERIAL" (in which case every document contained in the CD-Rom, diskette, or transmittal email is presumed to be designated confidential as well). The Parties and Third Parties may also designate information in documents as confidential by alternative methods if approved and agreed to in writing by all Parties. Each page designated confidential in accordance with this paragraph, and the information contained on such page, shall be considered confidential unless the designating party states in writing that only a portion of the page is to be treated as confidential.

3. The Parties agree that Discovery Material shall not be designated as Attorneys' Eyes Only Material unless it contains especially sensitive confidential material.

4. Information or material that is available to the general public shall not be classified as Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material.

5. Discovery Material classified as Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material shall be so labeled or marked when the document or thing is produced or provided to the party seeking discovery.

6. With respect to testimony adduced at depositions upon oral examination of former or current directors, officers, employees, agents, consultants or experts of the Parties and Third Parties, the testimony of the witness shall be deemed Confidential Material until the expiration of fourteen (14) days after receipt of the transcript of the deposition by counsel for the deposed Party, unless otherwise designated as Confidential Material, Highly Confidential Material or Attorneys' Eyes Only Material on the record at the time of the deposition or otherwise stipulated or ordered. If counsel for any Party believes that the transcript of the deposition or any portion thereof constitutes or contains Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material, counsel shall designate in writing to counsel for all other Parties and to the reporter, prior to the expiration of the 14-day period, the specific pages and lines of the transcript (if available) or a sufficient description of the testimony that constitutes or

contains Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material. When so advised, the Parties and Third Parties shall mark any copies of their transcripts according to the designation. The court reporter transcribing a deposition shall separately bind Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material and non-confidential Discovery Material. Counsel for any Party may designate deposition testimony as Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material during the course of a deposition.

    a.    Information contained in deposition testimony may be designated confidential. Such designation shall be made on the record during the deposition. Testimony may also be designated confidential by stamping or causing the court reporter to stamp the word "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY MATERIAL" on those pages of the transcript of deposition claimed to contain confidential information. Testimony designated confidential by stamping the transcript shall not be considered confidential until the stamped transcript is delivered to opposing counsel.

7. If a Party believes that inspections, measuring, testing, sampling or photographing of its processes, products, equipment, premises or other property pursuant to FED. R. CIV. P. 34 will reveal or disclose information that it deems in good faith to be Confidential Material, Highly Confidential Material,

or Attorneys' Eyes Only Material, that Party shall advise the Party seeking such discovery in advance, and the inspection, measuring, testing, sampling or photographing will be performed only by individuals qualified under this protective order to receive such information. The material discovered shall be treated as Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material in accordance with the producing Party's designation.

    a. If a Party inadvertently produces Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material without labeling or marking it with the appropriate legend, the producing Party, promptly upon discovery of the inadvertent production without proper labeling, may promptly give written notice to the receiving Party that the Discovery Material is Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material and should be treated as such in accordance with the provisions of this Protective Order. To the extent that the receiving Party may have already disclosed such Discovery Material to persons other than those qualified to receive it, the receiving Party shall request that the Discovery Material be returned and/or destroyed.

    b. If a producing Party inadvertently discloses to a receiving Party any information that is privileged or otherwise immune from discovery under the attorney-

client privilege, said producing Party shall promptly upon discovery of such disclosure so advise the receiving Party in writing and request that the item or items of information be returned, and no Party shall thereafter assert that such disclosure waived any privilege or immunity. The provisions of this sub-paragraph shall not apply to any disclosure when the material disclosed is relied upon by the producing Party during trial or in support of any position taken before the Court.

c. Nothing contained in this Protective Order shall be construed to limit the scope of discovery in this action provided for by the Federal Rules of Civil Procedure, or to preclude any Party from moving the Court for a further order pursuant to FED. R. CIV. P. 26(c) or other provisions of the Federal Rules of Civil Procedure.

d. Nothing in this Protective Order shall be construed to require production or disclosure of any Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material deemed by counsel for the Party possessing such material to be absolutely immune from discovery. Likewise, nothing in this Protective Order shall preclude any Party from moving the Court for an order directing the disclosure of such material.

8. Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material shall not be used by any person for

any purpose other than the prosecution or defense or settlement of this action, and shall not be used for any business, competitive, personal or any other purpose, except upon the express prior written consent of counsel for the producing Party or by order of this Court or by order (upon due notice to the producing Party) of another court tribunal of competent authority. Such material shall not be used by the receiving Party in any other litigation or proceeding, including any proceeding before the United States Patent and Trademark Office, the United States Copyright Office and foreign patent offices, except upon the express written consent of counsel for the producing Party or by order of this Court or by order (upon due notice to the producing Party) of the court or tribunal in which such other litigation or proceeding is pending.

    a. The receiving party need not treat the material claimed to be inadvertently disclosed as confidential until and unless the receiving party receives copies of the material marked in accordance with the Order. At that point the receiving party must destroy or discard the copies of that material previously received.

9. Use at trial of such Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material shall be governed by the pretrial order or as otherwise directed by the Court.

10. Unless and until the Court rules to the contrary and/or rules that there may be further disclosure and subject to the

requirements of paragraph 9 herein, access to and disclosure of Confidential Material or Highly Confidential Material shall be limited to:

    a. Inside and Outside Counsel for the Parties and Third Parties who have entered appearances in this action, their associate attorneys, secretarial stenographic, clerical, paralegal employees, and other staff employed by such counsel, and outside copy services who are involved in preparing for the prosecution, defense or settlement (including appeals and retrials);

    b. Non-employee experts for or non-employee consultants retained by a Party ("outside experts") whose advice and consultation are being or will be used by the Party in connection with this action, including their stenographic or clerical employees;

    c. The Parties to this action, including officers, directors, board members, employees and representatives that the Party believes in good faith should see the documents or materials;

    d. The authors, addressees and copy recipients of the Confidential Material or Highly Confidential Material;

    e. The Court (and any appellate court) and its staff and, if applicable, the jury;

    f. Court reporters transcribing any deposition, hearing or trial in this action;

  g. With respect to each document, deposition transcript or other materials designated as comprising or containing Confidential Information (without limitation of paragraph 10(c) above), any person who (during the relevant time period) is or was employed by, or is or was an agent of, an entity to which the document relates; and

  h. With respect to each document, deposition transcript or other materials designated as comprising or containing Confidential Information, any person who appears, based on the document itself and/or previously established facts, lawfully to have previously seen or had access to the document, including but not limited to persons employed by or otherwise affiliated with the designating party.

11. Unless and until the Court rules to the contrary and/or rules that there may be further disclosure and subject to the requirements of paragraph 9 herein, access to and disclosure of Attorneys' Eyes Only Material shall be limited to:

  a. Outside Counsel for the Parties and Third Parties, their stenographic, clerical and paralegal employees and outside copy services;

  b. Non-employee experts for or non-employee consultants to a Party whose advice and consultation are being or will be used by the Party in connection with this action and their stenographic or clerical employees;

   c. The authors, addressees and copy recipients of the Attorneys' Eyes Only Material;

   d. All stenographic, clerical, technical, professional and paralegal personnel employed with qualified persons;

   e. The Court and its staff and, if applicable, the jury; and

   f. Court reporters transcribing any deposition, hearing or trial in this action.

 12. Any person in possession of Confidential Material, Highly Confidential Material or Attorneys' Eyes Only Material shall exercise reasonable and appropriate care with regard to storage, custody, and use of such material in order to ensure that the confidential nature of the same is maintained.

 13. Should Confidential Material, Highly Confidential Material or Attorneys' Eyes Only Material be discussed, disclosed or used as an exhibit at a deposition, the portions of the deposition at which such material is discussed, disclosed or used as an exhibit shall be conducted only in the presence of persons entitled under the terms of this Protective Order to access to such material.

 14. Confidential Material, Highly Confidential Material or Attorneys' Eyes Only Material may be included in whole or in part with any papers filed with the Court, including, without limitation pleadings, motions or briefs. Papers marked ATTORNEYS' EYES ONLY shall be filed with the Clerk of this Court in sealed envelopes or containers prominently marked with the

caption of the case, a general description of the contents of the envelope or container and the notation:

CONTAINS CONFIDENTIAL INFORMATION
UNDER THE PROTECTIVE ORDER
TO BE OPENED BY OR AS DIRECTED BY THE COURT

or in such other manner as the Court may instruct. The clerk shall maintain such material separate from the public records in this action and shall release such material only to Court personnel, to those entitled to access thereto per the terms of this Confidentiality Protective Order or as further ordered by the Court. Subject to the future approval of the Court, attendance at those portions of a hearing or trial in this action during which Attorneys' Eyes Only Material will be disclosed shall be limited to individuals entitled to access such materials under the terms of this Protective Order.

15. If any person objects to the designation of any discovery material as Confidential Material, Highly Confidential Material or Attorneys' Eyes Only Material, the person shall state the objection by letter to counsel for the party making the designation. If the Parties and Third Parties are then unable to resolve the objection, any person may move the Court to do so. Until the Court rules on any such motion, the discovery material shall continue to be deemed Confidential Material, Highly Confidential Material or Attorneys' Eyes Only Material under the terms of this Stipulation and Order.

16. Nothing herein shall prevent any party from seeking from the court further, greater or lesser protection with respect

13

to the use of any Confidential Material, Highly Confidential Material or Attorneys' Eyes Only Material in connection with any trial, hearing or other proceeding in this litigation.

17. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial of this litigation. Nothing herein shall be construed to limit in any way any party's use of its own Confidential Material, Highly Confidential Material or Attorneys' Eyes Only Material.

18. In sixty (60) days after termination of this litigation, counsel shall return all Confidential Material and Highly Confidential Material and copies (including excerpts and summaries) thereof to counsel for the producing party, or, in lieu thereof, certify in writing that such material has been destroyed. Failure to do so shall not constitute a violation until and unless the producing party, at or after the conclusion of this case, requests that materials be returned or destroyed. Documents marked Attorneys' Eyes Only must however be returned to counsel for the producing party within sixty (60) days after termination of this litigation. Failure to do so shall constitute a violation. Notwithstanding the foregoing, counsel of record for each party may retain one archival copy of pleadings, deposition exhibits, court exhibits and documents included in submissions to the Court.

18. Any material which came into the possession of a Receiving Party by lawful means prior to its disclosure by the Producing Party or that comes into the possession of such

Receiving Party through means not constituting a breach of this Stipulation and Order, need not be treated as Confidential Material, Highly Confidential Material or Attorneys' Eyes Only Material by that Receiving Party under the terms of this Stipulation and Order.

19. No part of the restrictions imposed by the Stipulation may be waived or terminated, except by the written stipulation executed by counsel of record for each designating party, subject to the approval by the Court, or by an order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon conclusion of this case, but instead shall survive its termination, and shall continue until further Order of this Court.

20. The Parties agree that this Confidentiality Protective Order is binding upon execution by the Parties irrespective of when it is entered by the Court.

Dated: March 4, 2008

THE BOSTANY LAW FIRM

*signature*

CRYSTAL D. A. SCOTT
ATTORNEYS FOR GMA ACCESSORIES
40 Wall St., 61st Floor
New York, NY 10005
Telephone: (212) 530-4400

HERMES SARGENT BATES, LLP

*signature*

ANTHONY LOWENBERG
ATTORNEY FOR EPARTNERS
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: (214) 749-6564

THELEN REID BROWN
RAYSMAN & STEINER LLP

*signature*

PETER BROWN
Sheryl Altwerger
ATTORNEYS FOR EPARTNERS
875 Third Avenue
New York, NY 10022
(212) 603-2000

685997
0356/00041

Notwithstanding anything to the contrary herein, any papers filed under seal shall be made part of the public record on or after 3/6, 2013 unless the Court otherwise orders.

SO ORDERED
Dated: 3/6/08

*signature*
U.S.D.J.

16