```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
GMA ACCESSORIES, INC.,

                    Plaintiff,

       -against-                                07 Civ. 8414 (LAK)

EPARTNERS INC.,

                    Defendant.
------------------------------------x
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/19/08

### MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

      Plaintiff GMA Accessories, Inc. ("GMA") engaged defendant ePartners Inc. ("ePartners") to provide services under certain professional services agreements with respect to tailoring certain Microsoft software for use in GMA's business. GMA claims that ePartners breached the contract and asserts a variety of other claims based in substance on the same events. ePartners moves to dismiss counts 2 through 6 of the complaint for failure to state a claim upon which relief may be granted.

      1.    Count 2 alleges that ePartners, in carrying out its work and services, breached an implied warranty of good and workmanlike performance. The master service agreement, however, contains an express disclaimer of implied warranties. In any case, there is no claim under New York law for breach of an implied warranty for the performance of professional services in service-oriented contracts. *See, e.g., Aegis Products, Inc. v. Arriflex Corp. of Am.,* 25 A.D.2d 639, 268 N.Y.S.2d 185, 187 (1st Dept. 1966).

      Plaintiff rejoins that it "is complaining of the failure of defendant's product to perform" and suggests also that the warranty disclaimer in the master service agreement does not apply to the products that defendant agreed to supply. Perhaps so. But the express language of Count 2 invokes an alleged "implied warranty of good and workmanlike performance" in the "carrying out of [defendant's] services. The points made above are dispositive of the claim that

plaintiff actually pled[1] as distinguished from the claim that it perhaps now wishes it had pled.

2. Count 1 is a claim for breach of the parties' written contract. Count 3 asserts that the defendant's breaches had the effect of depriving plaintiff of the benefits of its bargain and thus breached defendant's implied covenant of good faith and fair dealing. Count 3 therefore is entirely redundant of Count 1.

3. Count 4 alleges that ePartners received money from GMA without providing a benefit, all this by reason of the alleged breaches of contract, and seeks recovery on a theory of unjust enrichment. As the parties' relationship was defined in written contracts, the validity and enforceability of which are not in question, this quasi-contractual claim necessarily fails. *See, e.g., Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 70 N.Y.2d 382, 388-89 (1987).

4. Counts 5 and 6 purportedly allege claims for negligent misrepresentation and actual fraud, respectively. In each case, the alleged misrepresentations were future-oriented and promissory in nature. Am. Cpt. ¶¶ 82-83, 96-97. There is no allegation in the amended complaint, however, that even remotely approaches suggesting that the defendant knew when the promises and predictions allegedly were made that they would not be performed or would not come to pass. Accordingly, the actual fraud claim is insufficient. *See, e.g., Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt. LLC*, 479 F. Supp.2d 379, 363 n.90 (S.D.N.Y. 2007); *Manela v. Garantia Banking Ltd.*, 5 F. Supp.2d 165, 177 & n.10 (S.D.N.Y. 1998). Nor has plaintiff responded persuasively to defendant's argument that the negligent misrepresentation and fraud claims are foreclosed by New York's economic loss rule. *E.g., Orlando v. Novurania of Am., Inc.*, 162 F. Supp.2d 220, 225 (S.D.N.Y. 2001). In particular, its assertion that it claims "fraudulent inducement based on false statements *of present fact* that induced plaintiff's entry into the contract" (Pl. Mem. 2) (emphasis added) cannot be squared with the misrepresentations alleged in paragraphs 82-83 and 96-97.

5. Plaintiff seeks leave to serve a second amended complaint in the form annexed to its counsel's declaration "to further particularize the fraud." Bostany Decl. ¶ 4. It draws particular attention to the alleged specification in paragraphs 19 and 84 of the proposed second amended complaint of promises allegedly made prior to the contract. *Id.*

Paragraph 19 alleges that defendant "from the outset, represented and held itself out to be computer system experts." Paragraph 84 repeats what in the amended complaint was paragraph 83. Neither would add anything of substance to plaintiff's fraud and negligent misrepresentation claims.

Accordingly, defendant's motion to dismiss Counts 2 through 6 of the amended complaint is granted. Plaintiff's request for leave to file a second amended complaint is denied on

---

[1] This is true also of the corresponding claim in plaintiff's proposed second amended complaint.

3

on the ground that the it would not cure the deficiencies identified above.

        SO ORDERED.

Dated:        March 18, 2008

                                            Lewis A. Kaplan
                                        United States District Judge

Case 1:07-cv-08414-LAK-THK   Document 33   Filed 03/19/2008   Page 3 of 3