THELEN REID BROWN
RAYSMAN & STEINER LLP
Peter Brown
Sheryl H. Altwerger
875 Third Avenue
New York, New York 10022
(212) 603-2000
      -and-
HERMES SARGENT BATES, LLP
Amy Davis Benavides, *pro hac vice*
Anthony H. Lowenberg, *pro hac vice*
901 Main Street, Suite 5200
Dallas, Texas 75202
(214) 749-6000

Attorneys for Defendant ePartners Incorporated

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
GMA ACCESSORIES, INC.,                      : ECF CASE
                                            :
                                            : No. 07 CV 8414 (LAK)
                        Plaintiff,          :
                                            : **DEFENDANT'S RESPONSES AND**
       - against -                          : **OBJECTIONS TO PLAINTIFF'S**
                                            : **REQUEST FOR PRODUCTION**
EPARTNERS, INC.                             : **OF DOCUMENTS**
                        Defendant.          :
                                            :
------------------------------------------------------------ X

   Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant ePartners Incorporated ("ePartners" or "Defendant"), hereby responds as follows to Plaintiff's Request for Documents therein (collectively, the "Document Requests," and individually, a "Document Request").

**GENERAL OBJECTIONS**

   Defendant objects to Plaintiff's Document Requests to the extent that:

1. The Document Requests therein conflict with or purport to expand upon Defendant's obligations under the Federal Rules of Civil Procedure;

2. The Document Requests therein are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence;

3. The Document Requests therein are overly broad and any attempt to respond would be unduly burdensome, expensive, harassing and oppressive;

4. The Document Requests therein seek information for an unspecified and/or unreasonable period of time;

5. The plaintiff already possesses or has equal access to documents sought in its Document Requests;

6. The Document Requests therein seek information or documents which are protected by the attorney-client privilege, the work-product doctrine, or are otherwise protected against or privileged from disclosure by law or rule of court;

7. The Document Requests therein seek information or documents protected against disclosure as being or containing the mental impressions, conclusions, opinions or legal theories of Defendant's attorneys or other advisors;

8. The Document Requests therein seek information or documents which are not in the possession, custody or control of Defendant or information concerning matters other than those which are the subject of the parties' pleadings herein;

9. The Document Requests therein are so vague and ambiguous that they do not properly apprise Defendant as to the information requested, thereby requiring Defendant to speculate as to what is sought;

10. The Document Requests therein seek the disclosure of confidential business, personnel or financial information.

11. The Document Requests therein can be construed to assert facts or legal conclusions in defining the requested information.

The foregoing General Objections apply to and are incorporated by reference into each of the following Responses and Objections to the following numbered Requests of the Document Requests whether or not specific objections are otherwise asserted.

Defendant's Responses and Objections to Plaintiff's Document Requests set forth herein are made without in any way waiving or intending to waive, but to the contrary, preserving:

1. All objections as to competency, materiality, privilege and admissibility as evidence for any purpose in any subsequent proceeding or the trial of this or any other action, all of which objections are hereby expressly reserved;

2. The right to object on any ground to the use of any of Defendant's within responses, or the subject matter thereof, in any subsequent proceeding or the trial of this or any other action;

3. The right to supplement and/or amend these responses based upon the discovery of additional documents after further investigation.

Defendant will make documents available, to the extent they exist, subject to the provisions of an appropriate confidentiality stipulation and protective order.

## SPECIFIC RESPONSES AND OBJECTIONS

### Document Request A

Any and all documents containing information concerning GMA's needs.

**Response to Document Request A**

Defendant incorporates its General Objections as if fully set forth herein. Defendant objects to this Document Request on the grounds that it is vague, overly broad and ambiguous in that "GMA's needs" is not defined. Subject to, and without waiving, said objections, Defendant responds that copies of documents responsive to this Document Request in its custody and control and not subject to privilege, which have not already been produced to Plaintiff's counsel, will be made available at the offices of Hermes Sargent Bates, L.L.P. upon a mutually agreeable date and time, including design documents and drafts of design documents, agreements between the parties, project reports, project data compilations, emails among project and sales personnel and other correspondence from GMA in which GMA discusses the specifications for the software and/or other elements of the design documents.

**Document Request B**

Any and all documents concerning whether or not ePartners could meet those needs.

**Response to Document Request B**

Defendant incorporates its General Objections as if fully set forth herein. Defendant objects to this Document Request on the grounds that it is vague, overly broad and ambiguous in that "GMA's needs" is not defined. Subject to, and without waiving, said objections, Defendant responds that copies of documents responsive to this Document Request in its custody and control and not subject to privilege, which have not already been produced to Plaintiff's counsel, will be made available at the offices of Hermes Sargent Bates, L.L.P. upon a mutually agreeable date and time, including design documents and drafts of design documents, agreements between

the parties, project reports, project data compilations, emails among project and sales personnel, and other correspondence from GMA in which GMA discusses the specifications for the software and/or other elements of the design documents.

**Document Request C**

Any and all documents containing information on the Project installation of software by defendant at GMA.

**Response to Document Request C**

Defendant incorporates its General Objections as if fully set forth herein. Defendant objects to this Document Request on the grounds that it is vague, overly broad, ambiguous and otherwise intelligible in that "information on the Project installation of software" is incomprehensible. Subject to, and without waiving, said objections, Defendant responds that copies of documents concerning the installation of software as it relates to the subject Project responsive to this Document Request in Defendant's custody and control and not subject to privilege, which have not already been produced to Plaintiff's counsel, will be made available at the offices of Hermes Sargent Bates, L.L.P. upon a mutually agreeable date and time, including design documents and drafts of design documents, agreements between the parties, project reports, project data compilations, emails among project and sales personnel, and other correspondence by, among, and between each party in which they discuss the installation of software and/or other elements of the design documents.

**Document Request D**

Any and all emails, memos, documents, records, or writings of any kind reflecting or containing information about the lack of success of the project.

### Response to Request D

Defendant incorporates its General Objections as if fully set forth herein. Defendant objects to this Document Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the work-product doctrine or other law or rule of court, and to the extent it is not reasonably limited in time or scope. Defendant further objects to this Document Request to the extent that the phrase "lack of success of the project" is vague, overly broad and ambiguous, and to the extent the Document Request can be construed to assert facts or legal conclusions in defining the requested information. Subject to, and without waiving, said objections, Defendant responds that prior to the filing of this lawsuit, it produced more than 3,000 pages of non-privileged documents constituting emails, memos, documents or writings of various kinds related to the Project. Defendant further responds that subject to, and without waiving, said objections, copies of documents responsive to this Document Request in its custody and control and not subject to privilege, which have not already been produced to Plaintiff's counsel, will be made available at the offices of Hermes Sargent Bates, L.L.P. upon a mutually agreeable date and time.

### Document Request E

Any and all documents containing information about promises to GMA.

### Response to Document Request E

Defendant incorporates its General Objections as if fully set forth herein. Defendant objects to this Document Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the work-product doctrine or other law or rule of court. Defendant further objects to this Document Request to the extent that the phrase "promises to GMA" is

vague, overly broad and ambiguous. Subject to, and without waiving, said objections, Defendant responds that copies of documents responsive to this Document Request in its custody and control and not subject to privilege, which have not already been produced to Plaintiff's counsel, will be made available at the offices of Hermes Sargent Bates, L.L.P. upon a mutually agreeable date and time.

**Document Request F**

Any and all documents containing descriptions of what defendant promised to do for GMA.

**Response to Document Request F**

Defendant incorporates its General Objections as if fully set forth herein. Defendant objects to this Document Request to the extent that the phrase "what defendant promised to do for GMA" is vague and ambiguous. Subject to, and without waiving, said objections, Defendant responds that the agreements between the parties have been previously produced to Plaintiff's counsel.

**Document Request G**

Any and all documents containing descriptions of what defendant did for GMA.

**Response to Document Request G**

Defendant incorporates its General Objections as if fully set forth herein. Defendant objects to this Document Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the work-product doctrine or other law or rule of court. Defendant further objects to this Document Request to the extent that the phrase "what defendant did for GMA" is vague and ambiguous. Subject to, and without waiving, said objections, Defendant responds that copies of documents responsive to this Document Request in its custody and

control and not subject to privilege, which have not already been produced to Plaintiff's counsel, will be made available at the offices of Hermes Sargent Bates, L.L.P. upon a mutually agreeable date and time.

**Document Request H**

Any and all documents containing descriptions of what defendant failed to do for GMA.

**Response to Document Request H**

Defendant incorporates its General Objections as if fully set forth herein. Defendant objects to this Document Request on the grounds that it can be construed to assert facts or legal conclusions in defining the requested information. Defendant further objects to this Document Request to the extent it seeks documents protected from discovery by the attorney-client privilege, the work-product doctrine or other law or rule of court, and to the extent that the phrase "what defendant failed to do for GMA" is vague and ambiguous. Subject to, and without waiving, said objections, Defendant is unable to respond to this request as it is written.

**Document Request I**

Evaluations of personnel that were assigned to work on the Project.

**Response to Document Request I**

Defendant objects to this Document Request on the grounds of privacy and that it seeks information that is irrelevant and neither material nor necessary in the prosecution or defense of this action. Defendant further objects to this Document Request to the extent it is not reasonably limited in time or scope and is overly broad. Subject to, and without waiving, said objections, Defendant responds that there are no personnel evaluations specific to the subject project.

**Document Request J**

Employee files of personnel that were assigned to work on the Project.

**Response to Document Request J**

Defendant objects to this Document Request on the grounds of privacy and that it seeks information that is irrelevant and neither material nor necessary in the prosecution or defense of this action. Defendant further objects to this Document Request to the extent it is not reasonably limited in time or scope and is overly broad.

Dated: Dallas, Texas
       February 6, 2008

                                            Respectfully submitted,

                                            HERMES SARGENT BATES, LLP

                                            By: _____
                                               Amy Davis Benavides, *pro hac vice*
                                               Anthony H. Lowenberg, *pro hac vice*

                                            901 Main Street, Suite 5200
                                            Dallas, Texas 75202
                                            (214) 749-6000

                                            -and-

                                            Thelen Reid, Brown Raysman & Steiner LLP
                                            Peter Brown
                                            Sheryl H. Altwerger
                                            875 Third Avenue
                                            New York, NY 10022
                                            (212) 603-2000

                                            Attorneys for Defendant ePartners Incorporated

1238443