UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
GMA ACCESSORIES, INC.,                              ECF Case

                     Plaintiff,               Civil Action No.:  07 CV 8414 (LAK)
  - against -

E-PARTNERS, INC.,

                     Defendant.
------------------------------------------------------X

**DECLARATION OF DANIEL A. LEVY IN SUPPORT OF MOTION TO COMPEL DISCLOSURE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 33 AND 34**

Daniel A. Levy, pursuant to 28 U.S.C. § 1746, declares, upon information and belief, and under penalty of perjury, as follows:

1.    I am an attorney of The Bostany Law Firm, attorneys of record for Plaintiff, GMA Accessories, Inc. ("GMA"), in the above captioned matter, and respectfully make this Declaration, based upon my review of the files, in support of GMA's motion for an Order, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") ordering Defendant to answer Plaintiff's Second Set of Discovery Requests and Interrogatories, without objections, and such other relief as the Court may deem just and proper.

2.    On March 20, 2008, Defendant was served with Plaintiff's Second Set of Document Requests and Interrogatories (the "Requests"), a copy of which is attached as **Exhibit A**. To date, Defendant failed to respond or serve objections.

3.    On May 21, 2008, I sent an email to defense counsel pointing out Defendant's significant delay in their response, a copy of which is attached as **Exhibit B**. As none of defendant's attorneys responded to my email, Ronald Paltrowitz of this firm sent an email on May 22, 2008, again pointing out the delinquent response and requesting a meet and confer. A copy of this email is attached as **Exhibit C**.

4.      Rather than respond properly to Mr. Paltrowitz's request for a meet and confer, Anthony Lowenberg, attorney for Defendant, sent an email later that day inquiring as to when and how the Requests were served, a copy of which is attached as **Exhibit D**. Please note that my email on May 21 specifically stated that they were served on March 20, 2008. *See* **Exhibit B**.

5.      Mr. Paltrowitz promptly replied, suggesting that Mr. Lowenberg confer with the New York attorneys who represent Defendant[1]. For some reason, Mr. Lowenberg excluded Defendant's New York attorneys from his email. Further, Mr. Paltrowitz attached another copy of the documents as a courtesy to Mr. Lowenberg. A copy of this email is attached as **Exhibit E**. As no reply was forthcoming, I sent another email on May 23, 2008 regarding Defendant's failure to respond to Plaintiff's Requests, a copy of which is attached as **Exhibit F**.

6.      In response to my May 23 email, Mr. Lowenberg forwarded me an email that he sent late the night before to Mr. Paltrowitz only[2], a copy of which is attached as **Exhibit G**. Here, Mr. Lowenberg represented that he still had not conferred with Peter Brown, local counsel for Defendant. He also implied that he had not even begun drafting an answer to the Requests, declining to give a date as to when Defendant's response would be forthcoming. *See Id.*

7.      Later that same day, I confirmed with all members of defense counsel that the documents at issue were served on Defendant's local counsel; a copy of this email is attached as **Exhibit H**. Rather than respond to Plaintiff's discovery requests, Amy Davis, attorney for Defendant, simply demanded within her May 26, 2008 email that we produce to her a certificate of service; a copy of this email is attached as **Exhibit I**. Mr. Paltrowitz again pointed out to defense counsel in his May 27, 2008 email that the Requests were served on local counsel, that Defendant had not responded, and that

---

[1] Defendant is a Texas Corporation, and since this case was brought in Federal Court in New York, Defendant is represented by attorneys in both Texas and New York.

[2] It is the standard practice of all attorneys involved in this litigation to send courtesy copies of all emails to every attorney. The fact that Mr. Lowenberg did not do this when sending his May 20 and May 23 email may be telling, since Defendant's New York attorneys would confess that they received the discovery Requests in March.

defense counsel still would not indicate when Defendant would respond. It is noteworthy that defense counsel did not actually deny receiving the Requests in March. A copy of this email is attached as **Exhibit J**.

8. After a week-long effort on the part of this firm to schedule a meet and confer on this issue as well as several other discovery issues, defense counsel begrudgingly agreed to a telephone conference, which took place on May 29, 2008.

9. During the telephone conference, we specifically discussed Defendant's failure to respond to the Requests and again advised Ms. Davis that the Requests were served on Defendant's New York attorneys. Again, Ms. Davis never once denied that the documents were received by local counsel, despite the fact that we specifically pointed this fact out to her. A copy of the relevant excerpt from the transcript of this conference is attached as **Exhibit K**; *see* portion marked as "1" on page 4. In fact, Ms. Davis specifically represented that "I don't have any reason at this point to uh, disagree that you guys served [the Requests] on the New York firm…" *Id.* at page 1.

10. We advised defense counsel that we would gladly grant an extension to Defendant if defense counsel would grant Plaintiff an extension for its time to respond to Defendant's prospective discovery requests. However, Ms. Davis refused to accept this compromise, stating, "Oh, my goodness. No, no, sir. We won't be agreeing to that." *Id.* at page 2. We advised her that Rules 33 and 34 of Fed.R.Civ.P. provide that Defendant waives all objections to Plaintiff's second discovery requests since they are more than thirty days late. *See generally Id*.

11. Defense counsel maintains their position that objections are *not* waived. Moreover, defense counsel advised that Defendant *will* assert objections when it finally serves its responses on June 11, 2008, *eleven* weeks after Defendant's New York attorneys received the Requests.

12. Ms. Davis adheres to her unique view that her time to respond to the Requests starts from the date she receives proof of service.

- 4 -

WHEREFORE, it is respectfully requested that Defendant be required to answer Plaintiff's Second Set of Discovery Requests and Interrogatories, *without objection*, and such other relief as the Court may deem just and proper.

Dated: New York, New York
       June 6, 2008

    THE BOSTANY LAW FIRM

    By: Daniel A. Levy, *pro hac vice*
    Attorneys for Plaintiff
    40 Wall Street – 61st Floor
    New York, New York 10005