# THE BOSTANY LAW FIRM

40 WALL STREET

61ST FLOOR

NEW YORK, NEW YORK 10005-1304

TEL: 212-530-4400

FAX: 212-530-4488

NEW JERSEY OFFICE

ONE GATEWAY CENTER
NEWARK, NJ 07102

May 7, 2008

Hon. Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:    *GMA Accessories, Inc.* v. *ePartners, Inc.*
Docket No.: 07 CV 8414 (LAK)

Your Honor:

In accordance with Your Honor's individual practices regarding discovery disputes, we are writing to request a pre-motion conference with regard to a dispute that has arisen over Defendant's objections to producing documents as requested in Requests I and J of Plaintiff's Document Request, dated January 7, 2008.

As background, the Complaint in this matter alleges a breach of contract by Defendant in connection with its performance of four related "Agreements, i.e. a Product Order (Complaint, ¶20), a Master Service Agreement (Complaint, ¶22), a Master Service Order (Complaint, ¶24), and an Addendum "A": to the Master Service Order (Complaint, ¶30). These Agreements required Defendant, *inter alia*, to (i) assign adequate resources to the performance of Defendant's obligation contained in the Agreements (the "Project") (Complaint, ¶32); (ii) replace any unsatisfactory personnel (Complaint, ¶33); (iii) perform services in a good and workmanlike manner and in accordance with the specifications (Complaint, ¶34); (iv) provide technical assistance to GMA's personnel (Complaint, ¶37); (v) provide three (3) vendor mappings and training to the GMA personnel (Complaint, ¶39); and (vi) hire a "Subject Matter Expert" (Complaint, ¶40). It is respectfully submitted that each of these obligations required that Defendant assign competent personnel to assure the proper performance and that its failure to do so was a material and relevant reason for Defendant's failure to adequately perform.

Hon. Lewis A. Kaplan
United States District Judge
May 7, 2008
Page - 2 -

Plaintiff's Document Request, dated January 7, 2008, included Requests I and J, which asked that Defendant produce, respectively, evaluations and employee files of personnel that were assigned to work on the Plaintiff's project. Defendant has refused to produce documents in response to either request, citing objections based upon the grounds of privacy, relevancy, lack of material necessity, and lack of reasonable limitations of time or scope. (Defendant's Response annexed hereto as Exhibit "A".)

On April 18, 2008, we sent an e-mail to Defendant's counsel again requesting the evaluations and files. Counsel responded by letter, dated April 22, 2008, again refusing to produce the documents based upon the same objections. (Copies of this exchange of correspondence are annexed as Exhibits "B" and "C".)

In a further attempt to resolve this matter without need of involving the Court, on May 6, 2008 I placed two telephone calls to counsel for Defendant and left messages requesting a meet and confer to discuss our belief that the requested documents were relevant and asking that Defendant's objections be withdrawn and the documents produced. In reply, I received an e-mail from counsel which reiterated the position taken in counsel's letter dated April 22, 2008 (Exhibit "C") and concluded "[w]e believe the objections are patently valid but understand if you wish to present them to the Court for a ruling." A copy of the e-mail is annexed as Exhibit "D".

Accordingly, prior to the filing of a motion to compel, a pre-motion conference is respectfully requested.

Respectfully,

Ronald I. Paltrowitz,
Of Counsel

cc: Peter Brown, Esq.
    Amy E. Davis, Esq.