# THE BOSTANY LAW FIRM

40 WALL STREET

61ST FLOOR

NEW YORK, NEW YORK 10005-1304

TEL: 212-530-4400
___

FAX: 212-530-4488

NEW JERSEY OFFICE

ONE GATEWAY CENTER
NEWARK, NJ 07102

May 21, 2008

Amy E. Davis, Esq.
Hermes Sargent Bates LLP
901 Main Street, Suite 5200
Dallas, TX 75202

Re:   *GMA Accessories, Inc. v. ePartners, Inc.*
Docket No.: 07 CV 8414 (LAK)

Dear Ms. Davis:

I am in receipt of Defendant's Privilege Log dated March 31, 2008 and I object to same.

You have previously advised me that Brett Christensen is the General Counsel of e-Partners, Inc. However, I have noticed that several entries where Mr. Christensen was one of many recipients are flagged as an Attorney Client Communication. This is particularly prevalent on pages one through seven. Even if Mr. Christensen is an attorney, you may not claim that all emails received by Mr. Christensen are privileged. Rather, you may only claim that the documents are privileged if they were created for the purpose of obtaining legal advice and sent with an expectation of confidentiality.

Based on the information contained in the Privilege Log, it is not clear whether the various emails where Mr. Christensen is one of many recipients are Attorney Client Communications. If two or more non-attorneys carried on a correspondence, for example, and simply provided an attorney with a courtesy copy, such a correspondence is not privileged. Further, communications in which an attorney participated are not privileged if confidentiality was not expected.

Please remove each and every entry in the Privilege Log that is flagged as an Attorney Client Communication and produce the documents, or in the alternative, please make an affirmative representation that all emails sent to Mr. Christensen, and any other individual whom you allege is an attorney, were specifically directed to the attorney for the purpose of procuring actual legal advice with the expectation of confidentiality. To the extent that you maintain your claim that an email sent to a group of people – one of whom is an attorney – is an Attorney Client Communication, please make an affirmative representation that the attorney in question was not simply being provided a courtesy copy of the document, or otherwise provided with the document so that the attorney could keep abreast of the issues.

Amy E. Davis, Esq.
Hermes Sargent Bates LLP
May 21, 2008
Page - 2 -

I must object to the inclusion of the Bruce Steele email dated June 24, 2004 and the Erik Sevenants email dated April 12, 2005, both of which appear on page two of the Privilege Log. Both of these entries in the log are flagged as Work Product, yet no argument can be made to support this assertion. Indeed, GMA and e-Partners had not yet entered into contract at that point. Any argument that these emails were prepared primarily in anticipation of litigation is unsupportable. Please produce these documents and remove the entries from the Privilege Log.

I object to each and every entry on the Privilege Log that is flagged only as Work Product and dated earlier than September 1, 2006. Indeed, you claim that internal emails dated as early as February, 2006 between e-Partners' employees are Work Product prepared in anticipation of litigation. To assert that these emails were prepared principally in anticipation of litigation is unsupportable because both parties were performing under the contracts through August, 2006. In fact, during the *seven month period* that you claim e-Partners' employees were sending emails "as part of investigation in anticipation of litigation" GMA was still making payments under the contract and e-Partners was still attempting to deliver the finished product.

In light of the fact that both parties were performing under the contract, it is extremely unlikely that the documents in question were being prepared in anticipation of litigation. Rather, these documents were created as part of normal business operations, most likely as part of a discussion regarding the status of the project, problems with the project, issues involving the resignation of several key employees who worked on the project, etc. Please remove all of the documents described above and remove the respective entries on your Privilege Log.

Thank you.

Very truly yours,

Ronald I. Paltrowitz, Of Counsel

Cc:    Peter Brown, Esq.
       Melissa M. Carvalho, Esq.