UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GMA ACCESSORIES, INC.,                              ECF Case

                    Plaintiff,            Civil Action No.:  07 CV 8414 (LAK)
  - against -

E-PARTNERS, INC.,

                    Defendant.
-------------------------------------------------------X

**DECLARATION OF RONALD I. PALTROWITZ IN OPPOSITION TO DEFENDANT'S MOTION TO FILE AMENDED ANSWER AND COUNTERCLAIM**

      Ronald I. Paltrowitz, pursuant to 28 U.S.C. § 1746, declares, upon information and belief, and under penalty of perjury, as follows:

      1.    I am Of Counsel to The Bostany Law Firm, attorneys of record for Plaintiff, GMA Accessories, Inc. ("GMA"), in the above captioned matter, and respectfully make this Declaration, based upon my review of the files, in opposition to the motion of Defendant, ePartners, Inc. ("ePartners"), pursuant to Rules 13 and 15 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") seeking leave to file an amended answer and counterclaim (the "Proposed Counterclaim") against GMA in this action (Docket No.47) ("Motion for Leave"), and for such other relief as this Court may deem just and proper.

      2.    It is respectfully submitted that ePartners's request for leave to file an the Proposed Counterclaim at this late stage of this action should be denied on the grounds that it is untimely and occasioned solely as a result of unnecessary and inexcusable delay by ePartners and that it would be highly prejudicial to GMA.

      3.    This action was commenced by service of a Summons and Complaint dated September 27, 2007 (Docket No. 1) on ePartners on October 1, 2007 (Docket No. 4) and an Amended Complaint on October 11, 2007 (Docket No. 5).

      4.    ePartners filed a Motion to Dismiss Counts 2 through 6 of the Amended Complaint (the "Motion to Dismiss") on October 30, 2007 (Docket No. 11) and an

Answer to Count 1 of the Amended Complaint (the "Answer") on November 2, 2007 (Docket No. 14). The Answer did not include a counterclaim.

5. In December 2007, Counsel for GMA and ePartners signed a Consent Scheduling Order, a copy of which is annexed as Exhibit "A", pursuant to which it was agreed that any amendments to pleadings must be made within 21 days after issuance of a decision on the Motion to Dismiss.

6. On March 19, 2008, the Court issued a decision on the Motion to Dismiss (Docket No. 33).

7. On April 21, 2008, a Scheduling Order (Docket No. 38).was entered that provided, *inter alia*, that all discovery be completed by August 1, 2008 and that the case be ready for trial by September 1, 2008.

8. The Proposed Counterclaim annexed as part of Exhibit A to the Motion for Leave (Docket No. 47) sets forth six separate causes of action for GMA's alleged breach of the "Agreements" defined in Motion for Leave, Exhibit "A", Paragraph 117 (Cause of Action 1), GMA's alleged breach of the "JMA" defined in Motion for Leave, Exhibit "A", Paragraph 123 (Cause of Action 2), *quantum meruit*/unjust enrichment for failing to make payment for services provided to GMA by ePartners (Cause of Action 3), GMA's alleged misappropriation of intellectual property (Cause of Action 4), GMA's alleged breach of the Agreements and JMA with regard to the alleged misappropriation of intellectual property (Cause of Action 5) and GMA's alleged breach of a claimed fiduciary duty of GMA to the joint venture set forth in the JMA (Cause of Action 6).

9. Counsel for ePartners correctly summarizes Fed.R.Civ.P. 13(a) as having required ePartners to assert its counterclaim against GMA at the time it served its Answer (Motion for Leave, Paragraph 1) unless the counterclaim was omitted by oversight, inadvertence or excusable neglect (Fed.R.Civ.P. 13(f)), and, in fact, has acknowledged that the Proposed Counterclaim arises out of the same transactions that are the subject of GMA's Amended Complaint (Motion for Leave, Exhibit "A", Paragraph 114.)

10. The Agreements defined in Motion for Leave, Exhibit "A", Paragraph 117 were all entered into by GMA and ePartners between March 2005 and September 2005

and any breach of these agreements by GMA, as alleged in Cause of Action 1, would have been known to ePartners at the time this action was commenced in October 2007.

11. The JMA defined in Motion for Leave, Exhibit "A", Paragraph 123 was entered into by GMA and ePartners in June 2005 and any breach of the JMA (Cause of Action 2) or any alleged fiduciary duties arising under the JMA (Cause of Action 6, would also have been known to ePartners at the time this action was commenced and it's answer filed in October-November 2007.

12. Similarly, the failure of GMA to pay for any services and/or materials allegedly provided to GMA by ePartners would clearly have been known in October-November 2007 and it is incredible that ePartners would suggest otherwise.

13. Causes of Action 4 and 5 are predicated upon the same allegations, i.e. that GMA allegedly disclosed confidential information in breach of the Agreements and the JMA, which allegations are wholly conclusory, as the Proposed Counterclaim does not set forth any factual allegations as to when, how or to whom these alleged disclosures were made.

14. Furthermore, ePartners acknowledges that GMA had a contractual obligation pursuant to the terms of the JMA to represent products and services of ePartners to other customers. (Motion for Leave, Exhibit "A", Paragraph 126a)

15. Accordingly, ePartners would have been fully aware of this by October-November 2007.

16. Based upon the foregoing, it is respectfully submitted that ePartners has failed to establish that its failure to serve the counterclaim in accordance with Fed.R.Civ.P.13(a) and 15(a) was based upon oversight, inadvertence, or excusable neglect, as required by Fed.R.Civ.P.13(f )and, in fact, never once mentions any of these reasons as a basis for filing the Proposed Counterclaim at this late date. (See Memorandum of Law, Point I)[1]

---

[1] It should also be noted that, although the Consent Scheduling Order annexed as Exhibit "A" was not So Ordered by the Court, it does constitute an agreement by counsel with which ePartners has not complied as the Motion for Leave was not made within 21 days after the March 19, 2008 Order deciding the Motion to Dismiss.

Declaration.Paltrowitz.06.09.08-OppositionLeavetoAmend

17. It is also respectfully submitted that ePartners is being disingenuous, at best, in trying to claim that it only learned of the facts necessary to draft the Proposed Counterclaim from discovery produced in April and May 2008, especially considering that ePartners has produced approximately 45,000 pages of documents, all of which were in its possession prior to September 2006, a year before the commencement of this action.[2]

18. Furthermore, the discovery requested by ePartners from GMA in February 2008 was produced to ePartners in March 2008.

19. ePartners does not, and cannot, allege that it was waiting to learn or has learned anything new from this discovery that would have caused or justified its delay.

20. Declarant also believes that ePartners's reliance on Fed.R.Civ.P. 15(a) is equally unavailing.

21. At the outset, it must be noted that ePartners has failed to address the fact that a Scheduling Order has been entered in this action (Docket No. 38) and that, as a result, Rule 15(a) must be read in conjunction with Rule 16(b), which provides that a Scheduling Order should not be modified except upon a showing of good cause. (See Memorandum of Law, Point II)

22. Here, ePartners has not only failed to make any showing of cause, good or otherwise, to support a modification of the Scheduling Order, it has not even asked for any such modification.

23. Instead, ePartners would have the Court believe that GMA should be required to complete discovery on ePartners's six proposed causes of action, retake depositions that have already been concluded, and schedule and take newly required depositions within a period of less than 60 days, an attenuated time period that would be highly prejudicial to GMA.

24. It is respectfully submitted that ePartners's unexcused and unwarranted delay and the extremely limited period of time until the discovery cut-off date constitute

---

[2] It is extremely interesting to note that neither the proposed counterclaim nor the motion papers sets forth even one fact that ePartners claims to have learned for the first time from discovery.

Declaration.Paltrowitz.06.09.08-OppositionLeavetoAmend

- 5 -

sufficient prejudice to GMA to warrant the denial of the Motion for Leave. (See, Memorandum of Law, Point III)

25. Accordingly, based upon the foregoing and the accompanying Memorandum of Law, Declarant respectfully requests that this Court deny the request by ePartners for leave to file an amended answer and counterclaim at this late date, and grant GMA such other relief as the Court may deem just and proper.

Dated: New York, New York
June 9, 2008

_____
Ronald I. Paltrowitz