UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X

GMA ACCESSORIES, INC.,                                    ECF Case

                            Plaintiff,                        Civil Action No.:  07 CV 8414 (LAK)

          - against -

E-PARTNERS, INC.,

                            Defendant.
-------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO FILE AMENDED ANSWER AND COUNTERCLAIM

THE BOSTANY LAW FIRM
Ronald I. Paltrowitz (RP-2746), Of Counsel
40 Wall Street, 61st Floor
New York, New York 10005
(212) 530-4400

*Attorneys for GMA Accessories, Inc.*

TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................... 1

FACTS ..................................................................................................................... 2

ARGUMENT .......................................................................................................... 2

    I.   ePartners has failed to establish that its failure to file a counterclaim
        in accordance with rule 13(a)(1) was based upon oversight,
        inadvertence, or excusable neglect as required by rule 13(f) ................................. 2

    II.  ePartners has failed to demonstrate good cause to modify the
        scheduling order as required by federal rule of civil procedure 16(b) ................... 3

    III. GMA will be unduly prejudiced if the motion for leave to amend is granted ......... 5

CONCLUSION ..................................................................................................... 6

## TABLE OF AUTHORITIES

### CASES

Page

*Commerce Funding Corp.* v. *Comprehensive Habilitation Servs., Inc.*
No 01 Civ. 3796 (PKL), 2005 U.S. Dist. LEXIS, at *13 (SDNY July 25, 2005) .................. 4

*Credit Suisse First Boston LLC,*
2004 U.S. Dist. LEXIS 25260, at *4. .................................................................................. 4

*Cresswell* v. *Sullivan & Cromwell,*
922 F.2d 60, 72 (2d Cir 1990) .......................................................................................... 5

*Grochowski* v. *Phoenix Const.,*
318 F.3d 80, 86 (2d Cir. 2003) ........................................................................................ 4

*Zahra* v. *Town of Southold,*
48 F.3d 674, 685-686 (2d Cir. 1995) ............................................................................... 5

### STATUTES

Fed.R.Civ.P. 8(a) ................................................................................................................ 3

Fed.R.Civ.P. 13(a) .............................................................................................................. 2

Fed.R.Civ.P. 13(f) .............................................................................................................. 3

Fed.R.Civ.P. 15(a) .......................................................................................................... 2, 3

Fed.R.Civ.P. 16(b) ............................................................................................................. 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

GMA ACCESSORIES, INC.,                                        ECF Case

                    Plaintiff,                              Civil Action No.:  07 CV 8414 (LAK)

     - against -

E-PARTNERS, INC.,

                    Defendant.
------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO FILE AMENDED ANSWER AND COUNTERCLAIM

### INTRODUCTION

      GMA Accessories, Inc. ("GMA") entered various agreements with ePartners for the purpose of upgrading and installing a state of the art computer system for GMA's wholesale fashion business.   After GMA paid ePartners substantial amounts in reliance upon the contracts, it was left with an abandoned project and the loss of substantial resources, not only in the out of pocket expenses but in loss of countless hours of executive and management resources dedicated to the ePartners' initiative as well as the substantial set back in GMA's business due to ePartners' willful breach of the various agreements.  The Amended Complaint in this action, alleging this wrongful breach, was served in October 2007.  ePartners served its "Answer" on November 2, 2007 (Docket No. 14).   The Answer did not include a counterclaim.   ePartners has now filed this motion for leave to file an amended pleading ("Motion for Leave", Docket No. 47) in order to add the counterclaim that was not filed in November 2007 (the "Proposed Counterclaim").

**FACTS**

For a comprehensive statement of the facts of this matter, the Court is respectfully referred to the Declaration of Ronald I. Paltrowitz, dated June 9, 2008 (the "Paltrowitz Declaration.

**ARGUMENT**

**POINT I**

**ePARTNERS HAS FAILED TO ESTABLISH THAT ITS FAILURE TO FILE A COUNTERCLAIM IN ACCORDANCE WITH RULE 13(a)(1) WAS BASED UPON OVERSIGHT, INADVERTENCE, OR EXCUSABLE NEGLECT AS REQUIRED BY RULE 13(f)**

Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 13(a)(1) specifically provides:

> (a) Compulsory Counterclaim
>
> (1) In General
>
> A pleading must state as a counterclaim any claim that —
> at the time of its service — the pleader has against an
> opposing party if the claim:
>
> (A) arises out of the transaction or occurrence that is the
> subject matter of the opposing party's claim; and
>
> (B) does not require adding another party over whom the
> court cannot acquire jurisdiction.

ePartners, Inc. ("ePartners") has acknowledged in paragraph 114 of the Proposed Counterclaim that the Proposed Counterclaim meets the requirements of Fed.R.Civ.P. 13(a)(1)(A) and (B) . (See, Paltrowitz Declaration, ¶9)  Accordingly, the Proposed Counterclaim was a compulsory counterclaim that should have been filed at the time of filing of the Answer or within 20 days thereafter as provided by Fed.R.Civ.P.15(a)(1).  That ePartners failed to do so is not subject to dispute.

- 2 -

Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 13(f) specifically provides:

> (f) Omitted Counterclaim
>
> The court may permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires.

As set forth more fully in the Paltrowitz Declaration, ¶¶ 8-15, ePartners was fully cognizant of all of the facts necessary to file the "short and plain statement of the claim[s] showing that [ePartners was] entitled to relief", which is all that is required by Fed.R.Civ.P. 8(a)(2), at the time that it served its Answer. In fact, it has produced more than 45,000 pages of documents concerning the transactions at issue that have been in its possession since before September 2006. (Paltrowitz Declaration, ¶178) The Motion for Leave does not set forth a single fact to dispute this nor does it offer a single fact to justify a conclusion that the Proposed Counterclaim was omitted as a result of oversight, inadvertence, or excusable neglect or to support its contention that justice would so require. Furthermore, the Motion for Leave does not point to a single fact set forth in the Proposed Counterclaim of which ePartners was unaware in November 2007.

Based on the foregoing, it is respectfully submitted that the Proposed Counterclaim should have been filed with the Answer in November 2007, that ePartners has failed to establish any of the reasons to justify permitting the omitted pleading to be filed now, and the Motion for Leave should be denied.

## POINT II

### ePARTNERS HAS FAILED TO DEMONSTRRATE GOOD CAUSE TO MODIFY THE SCHEDULING ORDER AS REQUIRED BY FEDERAL RULE OF CIVIL PROCEDURE 16(b)

Although Fed.R.Civ.P. 15(a)(2) provides that a court may grant leave to the filing an amended pleading that was not made in accordance with Fed.R.Civ.P. 15(a)(1), and that leave should be freely given, "[w]here a scheduling order has been entered, the lenient standard under Rule 15(a), . . . must be balanced against the requirement under Rule 16(b) that the

Court's scheduling order shall not be modified except upon a showing of good cause." *Grochowski* v. *Phoenix Const.,* 318 F.3d 80, 86 (2d Cir. 2003). The "good cause" standard of Rule 16(b) focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. *Commerce Funding Corp.* v. *Comprehensive Habilitation Servs., Inc.* No 01 Civ. 3796 (PKL), 2005 U.S. Dist. LEXIS, at *13 (SDNY July 25, 2005).

Here, ePartners has not demonstrated that it used any diligence, no less sufficient diligence, to uncover facts necessary to make any of the claims in the Proposed Counterclaim. As noted in Point I, *supra*, ePartners has not pointed to a single required fact of which it was unaware in November 2007 or a single required fact that it has uncovered since November 2007. The failure to demonstrate sufficient diligence [or, as here, any diligence] is sufficient for denial of the Motion for Leave. (See, e.g., *Credit Suisse First Boston LLC,* 2004 U.S. Dist. LEXIS 25260, at *4. Furthermore, counsel for the parties herein stipulated that any amendments would be filed within 21 days of the Courts decision of ePartners's motion to dismiss counts 2 through 6 of the Amended Complaint. The Court issued its decision on March 19, 2008, thus requiring that the Proposed Counterclaim be filed by April 9, 2008. (See, Paltrowitz Declaration, fn 1).

Here, although ePartners has not requested a modification in the Scheduling Order entered in this action on April 21, 2008 (Docket No. 38), such a request is implicit. The Scheduling Order provides for the end of discovery by August 1, 2008, less than 60 days hence. (Paltrowitz Declaration, ¶¶ 20-23). The Proposed Counterclaim contains six causes of action that range from breach of contract and *quantum meruit* to misappropriation and breach of fiduciary duties, and include allegations about which no discovery has previously been had. As a result, granting the Motion for Leave will necessitate an extension of the time permitted for discovery in the Scheduling Order, as it would not be feasible to complete discovery on such wide ranging claims in such a short period. But, as noted above, ePartners has not shown that there is "good cause" to justify such an extension.

Based on the foregoing, it is respectfully submitted that ePartners has failed to show good cause to modify the Scheduling Order entered on April 21, 2008.

## POINT III

### GMA WILL BE UNDULY PREJUDICED IF THE MOTION FOR LEAVE TO AMEND IS GRANTED

GMA will be unduly prejudiced if the Motion for Leave is granted. Discovery in this case is already more than 70% complete and the case must be ready for trial by September 1, 2008. It is unrealistic to expect that GMA can conduct adequate discovery by August 1, 2008 to permit it to properly prepare its defenses to the six causes of action set forth in the Proposed Counterclaim. To require that GMA do so would be highly prejudicial.

In the alternative, to extend the dates included in the Scheduling Order would also be highly prejudicial considering that ePartners has not shown any good cause to make such an extension or provided any satisfactory explanation for its delay in seeking leave to amend. GMA has spent considerable time and gone to considerable expense to prepare this case for trial, and it would be unfair, unnecessary, inappropriate, and prejudicial to require GMA to, in effect, start over again with document requests and deposition notices (not to mention having to reopen depositions previously taken).

Courts will deny motions for leave to amend in cases like this where the movant's delay has been found to be prejudicial (See, e.g., *Zahra* v. *Town of Southold*, 48 F.3d 674, 685-686 (2d Cir. 1995)) and the burden was on ePartners to provide a satisfactory reason for the delay (See, e.g. *Cresswell* v. *Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir 1990)). It is respectfully submitted that ePartners has not done so and cannot do so.

Based upon the foregoing, it is respectfully submitted that the prejudice that will result requires denial of the Motion for Leave.

**CONCLUSION**

For the forgoing reasons, it is respectfully requested that that this Court deny the request by ePartners for leave to file an amended answer and counterclaim at this late date, and grant GMA such other relief as the Court may deem just and proper.

Dated: New York, New York
        June 9, 2008

Respectfully submitted,

THE BOSTANY LAW FIRM
Attorneys for Plaintiff

By: _____
        Ronald I Paltrowitz, Of Counsel
        40 Wall Street, 61st Floor
        New York, New York
        (212) 530-4400

- 6 -