UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
GMA ACCESSORIES, INC.,                    EFC Case

                          Plaintiff,           Civil Action No. 07 CV 8414 (LAK)

  - against -

E-PARTNERS, INC.,

                         Defendant.
------------------------------------------------------X

### DECLARATION OF RONALD I. PALTROWITZ IN SUPPORT OF MOTION TO COMPEL DISCLOSURE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26 AND 37

Ronald I. Paltrowitz, Esq., pursuant to 28 U.S.C. § 1746, declares, upon information and belief, and under penalty of perjury, as follows:

1. I am Of Counsel to The Bostany Law Firm, attorneys of record for Plaintiff, GMA Accessories, Inc. ("GMA"), in the above captioned matter, and respectfully make this Declaration, based upon my review of the files, in support of GMA's motion for an Order, pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."): compelling Defendant to comply with Requests I and J of Plaintiff's First Request for Documents, dated January 7, 2008 ("Request for Documents"); and to produce all documents that were prepared prior to the termination of the contract and all documents that were merely copied to e-Partners's general counsel,, and for such other relief as this Court may deem just and proper.

### DEFENDANT'S PRODUCTION OF EVALUATIONS AND PERSONNEL FILES IS INSUFFICIENT AND DEFECTIVE

2. Pursuant to Requests I and J of Plaintiff's Request for Documents, Plaintiff requested the evaluations and employee files of all Defendant personnel who worked on the project. *See* **Exhibit A**. Defendant's attorneys steadfastly refused to produce any of these documents, and after a good faith effort to meet and confer on this matter, a letter was sent to the Court requesting a pre-motion conference *prior* to filing a motion to compel. A motion *was not* filed; rather, this Court issued an Order directing the exchange of certain documents by May 23, 2008. *See* **Exhibits B, C, and D**.

3. Defendant violated this Order, waiting until well after their witness, Mr. Eric Forgo, was deposed on May 27, 2008 to produce even the material that Defendant advised they had no problem producing by May 23. After a week-long effort on the part of Plaintiff's counsel to schedule a meet and confer on this issue as well as several other discovery issues, Defendant's counsel begrudgingly agreed to a telephone conference, which took place on May 29, 2008.

4. Irrespective of the fact that Defendant's counsel was ordered by this Court to produce documents by May 23 as requested by Defendant counsel's own letter, Defendant's counsel denied that they ever had a deadline during the May 29 conference and admitted that they never even procured the documents from their client.

5. Defendant ultimately made a supplemental production, yet *the production consists of the most benign material*, comprising only the employment applications and resumes of persons who are only designated as "development/consulting staff." *Evaluations of employees*, documents related to specific training programs, complaints, personnel memos and notes related to qualifications and performance, and any other documents were specifically withheld. Furthermore, it is undisputed that certain members of upper management worked on the GMA Project. The performance evaluations and other personnel records for these individuals are clearly relevant (see, paragraph 7, *infra*) and it would be inappropriate and unreasonable to withhold these documents simply because they relate to upper management. See **Exhibit C**.

6. This lawsuit is largely based on Defendant's inability to dedicate proper personnel to the project. Indeed, the pleadings allege that Defendant had an obligation, *inter alia*, to assign adequate people and resources to the project, to replace unsatisfactory personnel, and to dedicate personnel who are able to complete the project in a good and workmanlike manner. Disclosure of Defendant's internal evaluations of its employees, performance reviews, correspondence and memoranda concerning the termination of employees, and the like are most definitely relevant to this litigation, whether or not these reviews pertain to work on the GMA project.

7. Pursuant to Fed.R.Civ.P. 26(b)(1), "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense…" These documents are clearly relevant because it is undisputed that practically all of the personnel originally assigned to the AXAPTA project were removed and/or replaced, and

the nucleus of GMA's claims centers around poor performance and/or the incompetence of ePartners personnel.. However, during the May 29th conference, Defendant's counsel took the position that documents regarding the termination of such personnel are not responsive and are irrelevant. Clearly, documents that evidence each employee's individual track record, both before and during the GMA Project are relevant to Plaintiff's claims, as these documents establish the competency of these individuals. It is absolutely not appropriate to allow Defendant to decide which documents are and are not relevant for this purpose. Mr. Lowenberg's statement in his letter that the self-serving employment applications and resumes are the only documents that are relevant for this purpose flies in the face of logic and reason as none of these documents deals with competency. *See* **Exhibit C**.

8. It is likewise undisputed that documents exist regarding personnel evaluations, as Mr. Forgo – a witness for Defendant – testified that he had seen these evaluations but had no clear recollection of what they said. Further, Mr. Mario Hebert, one of the several persons who managed the AXAPTA project for Defendant, conceded in an internal email that this issue is significant and would be damaging to Defendant. A copy of this email is attached at **Exhibit E**.

9. For the above reasons, Plaintiff is entitled to full disclosure of the evaluations and employee files pursuant to Fed.R.Civ.P. 26(b)(1).

**DEFENDANT WITHHELD DISCOVERABLE DOCUMENTS IMPROPERLY ALLEGING THAT THEY ARE PRIVILEGED**

10. On or about March 31, 2008, Defendant served Plaintiff with a lengthy Privilege Log pursuant to Fed.R.Civ.P. 26(b)(5)(A), a copy of which is attached as **Exhibit F**. Plaintiff's counsel analyzed the Privilege Log, found it to be objectionable, and by way of correspondence dated May 21, 2008, communicated those objections to Defendant. A copy of this correspondence is attached as **Exhibit G**.

11. On May 26, 2008, Amy Davis, Esq. sent an email denying any knowledge of Declarant's letter, irrespective of the fact that a *second* copy was emailed to her on May 22, 2008.

12. After four additional efforts to persuade her to respond, Ms. Davis replied on May 30, 2008 by simply stating that "we stand by each and every entry on the log."

13. As laid out in the May 21 letter, the Privilege Log withheld *all* material where the general counsel was a recipient. See **Exhibit F**. The following documents appear to be non-privileged: (i) documents labeled attorney-client communications where the general counsel was simply sent a courtesy copy of unprivileged emails; and (ii) emails sent prior to the prior to the termination of the contract between the Parties, which are improperly labeled as work product. See **Exhibit F**.

14. Ms Davis's recalcitrance and allegation that it is Plaintiff who must prove that documents on the Privilege Log do not belong is not founded in the Rules or case law. In fact, quite the opposite is the case as Fed.R.Civ.P. 26(b)(5)(A)(ii) requires the party asserting the privilege must describe the document in a manner that will enable the party to assess the claim. Further, case law in the Second Circuit provides that it is the burden of the party asserting that a document is 'work product' to show that the document was prepared in anticipation of *imminent* litigation after the nature of the relationship of the parties shifted to a litigious relationship.

15. Rather than describe certain documents in her Privilege Log, Ms Davis simple describes them as correspondence regarding certain matters in anticipation of litigation. See **Exhibit F**. It is entirely appropriate to require that Ms Davis better describe many of these documents *and* substantiate her claim with a legal argument, particularly when some of the documents pre-date the termination of the contract..

For the reasons set forth above, it is respectfully requested that this Court issue an Order compelling Defendant to comply with Requests I and J of Plaintiff's First Request for Documents, dated January 7, 2008), and to produce all documents that were prepared prior to the termination of the contract and all documents that were merely copied to e-Partners's general counsel, and granting Plaintiff such other relief as this Court may deem just and proper.

Dated: New York, New York
      June 11, 2008

Ronald I. Paltrowitz (RP-2746)