**HERMES SARGENT BATES, LLP**
Amy E. Davis (AD2800), *pro hac vice*
Anthony H. Lowenberg (AL7266), *pro hac vice*
901 Main Street, Suite 5200
Dallas, Texas 75202
(214) 749-6000

**BAKER HOSTETLER LLP**
Peter Brown (PB2980)
Melissa M. Carvalho (MC6396) *admission pending*
45 Rockefeller Plaza, 11th Floor
New York, New York 10111
(212) 589-4200

Attorneys for Defendant ePartners Incorporated

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

| | | |
|---|---|---|
| GMA ACCESSORIES, INC., | : | ECF CASE |
| | : | |
| | : | No. 07 CV 8414 (LAK) |
| Plaintiff, | : | |
| | : | **RESPONSE TO PLAINTIFF GMA** |
| - against - | : | **ACCESSORIES, INC.'S MOTION TO** |
| | : | **COMPEL** |
| EPARTNERS, INC. | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------------ X

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Defendant ePartners Incorporated ("Defendant") and files this Response to the Motion to Compel, filed by Plaintiff GMA Accessories, Inc. ("Plaintiff") on June 11, 2008. In support hereof, ePartners would respectfully show the Court as follows:

# I.
# FACTUAL BACKGROUND

1.      On January 7, 2008, Plaintiff served its First Request for Production on Defendant ("Production Requests"), requesting, among other things, all evaluation and employee files of Defendant's personnel who worked on the project with Plaintiff, regardless of whether such material was related to the project (the "Personnel Files").

2.      On February 7, 2008, Defendant timely responded and objected to each of the Production Requests, including, in particular, the request for the Personnel Files.

3.      On May 7, 2008, Plaintiff sent a letter to the Court requesting a pre-motion conference on the Defendant's objections to the request for the Personnel Files.  On May 9, 2007, Defendant filed a response to this letter, proposing, in the spirit of cooperation, to produce the available employment applications and resumes of the development/consulting staff on the project that would reflect these employees' certification and training.  Defendant also agreed to produce any documents reflecting discipline due to performance on the project.

4.      After considering the May 7, 2008 letter and May 9, 2008 response, on May 13, 2008, the Court entered an order (appearing at the bottom of the May 7 letter) granting Plaintiff's request only to the extent proposed by Defendant in its May 9, 2008 letter and denying Plaintiff's request "in all other respects." (*See* Ex. B, C and D to Motion to Compel.)

5.      On May 30, 2008, Defendant complied with the Court's May 13 order by serving a supplemental response to the Production Requests and producing relevant documents as proposed in the May 9, 2008 letter, which the Court approved.

6.      Notwithstanding Defendant's supplemental production and disregarding the Court's prior ruling, on June 11, 2008, Plaintiff filed the Motion to Compel for the purpose of obtaining the entire portion of the Personnel Files, as it had originally requested.

7.  The June 11, 2008 Motion to Compel also takes issue with the privilege log produced by Defendant on March 31, 2008.

## II.
## Motion to Compel Should Be Denied

*Personnel File*

8.  The June 11 Motion to Compel should be denied. Contrary to the contention of Plaintiff, Defendant has not violated the Court's May 13, 2008 order, because it has produced the portion of the Personnel Files that the Court found was relevant to the surviving claims in this case. Through the May 13 order, the Court specifically limited the broad requests in the Productions Requests to that proposed by Defendant in its May 9 letter. Defendant's Motion to Compel thus represents nothing more than an patent attempt to relitigate the same discovery dispute determined by the Court and get a proverbial second bite at the apple. *See Application of Am. Tobacco Co.*, 880 F.2d 1520, 1527 (2d Cir. 1989) ("Principals of collateral estoppel will bar relitigation of an issue that is identical to an issue which has necessarily been decided in the prior action."); *Streter v. Hynes*, 419 F.Supp. 546, 548 (E.D.N.Y. 1976) (The doctrines of re judicata and/or collateral estoppel have been applied in federal cases where a litigant attempts to obtain a second ruling on a discovery matter that has already been rule on by a court).

9.  Moreover, the Court's original ruling on this discovery dispute was originally correct and therefore should not be revisited. The Defendant's obligations with regard to staffing on the project were strictly limited to providing resources with certain responsibilities and to respond to any written complaint related to project staffing. Absent a written complaint, Plaintiff agreed that Defendant could assume that Plaintiff was satisfied with the recourses and personnel provided by Defendant. (*See* MSO GMA002 ¶ 7.6.) Here, Plaintiff complained of 3 of Defendant's employees, all of whom were removed and/or transitioned off the project per the

parties' contracts and subsequent agreements. Because Plaintiff agreed that its complaint as to project staffing would be limited to those in writing and that the remedy for any such complaint would be removal of the employee or other acceptable agreement between the parties, Plaintiff's current demand in the Production Requests for "internal evaluations of [Defendant's] employees, employee reviews, correspondence and memoranda concerning the termination of employees" is far beyond anything relevant to Defendant's performance under the agreements with Plaintiff.

10. Notwithstanding the wide net cast by Plaintiff's discovery, Defendant produced personnel files that demonstrated the skill and experience of the Defendant's employees and any evaluations of such employees with respect to the project itself. These are the only categories of information remotely related to Plaintiff's breach of contract claim, as the Court previously agreed.

11. Plaintiff also claims that, by the Court's order, the production of Personnel Files should have occurred by May 23, 2008. Plaintiff, in this complaint, misreads the Court's prior ruling which adopts the timeframe for production of the limited personnel information offered by ePartners' in its May 9 letter: no *earlier* than May 23, 2008. ePartners, in fact, produced the information on May 30, 2008, making this complaint moot.

### *Privilege Log*

12. Privileged documents are exempt from disclosure. *United States v. Morton Salt Co.*, 338 U.S. 632, 642-43, 70 S.Ct. 357, 364, 94 L.Ed. 401 (1950). The burden of establishing whether a privilege exists rests on the party invoking it. *See* Fed. R. Civ. P. 26(b)(5); *see also In re County of Erie*, 473 F.3d 413, 418 (2d Cir. 2007); *United States v. Adlman*, 68 F.3d 1495, 1499 (2d Cir.1995). To invoke the attorney-client privilege, a party must demonstrate that there was: (1) a communication between client and counsel, which (2) was intended to be and was in

fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice. *See U.S. v. Const. Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996). To invoke the work-product privilege, a party generally must show that the documents were prepared principally or exclusively to assist in anticipated or ongoing litigation. *Id.*

13. To facilitate its determination of privilege, a court should require "an adequately detailed privilege log in conjunction with evidentiary submissions to fill in any factual gaps." *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y.1993). In determining whether an asserted privilege applies, courts have broad discretion as to how to proceed and can use, in addition to a privilege log, "evidentiary submissions to fill in any factual gaps." *See Children First Foundation, Inc. v. Martinez*, Civ. No. 1:04-CV-0927, 2007 WL 4344915, at *4 (N.D.N.Y. Dec. 10, 2007 (slip copy); *Bowne*, 150 F.R.D. at 474.

14. The privilege log should "identify each document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure." *Const. Prods. Research*, 73 F.3d at 473 (quoting *Bowne*, 150 F.R.D. at 474). Federal Rule of Civil Procedure 26(b)(5) specifically provides the following:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(b)(5). Similarly, Local Civil Rule 26.2 provides that parties asserting a privilege must disclose the type of document, general subject matter of the document, date, and any other information "sufficient to identify the document for a subpoena duces tecum, including

... the author of the document, the addressees of the document ... and the relationship of the author, addressees, and recipients to each other."

15.    The standard for testing the adequacy of the privilege log is whether, as to each document, it sets forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed. *SEC v. Beacon Hill Asset Management* LLC, 231 F.R.D. 134, 144 (S.D.N.Y. 2004). The focus is on the specific descriptive portion of the log, and not on the conclusory invocations of the privilege or work-product rule, since the burden of the party withholding documents cannot be "discharged by mere conclusory or ipse dixit assertions." *Golden Trade, S.r.L. v. Lee Apparel Co.*, 90 Civ. 6291(JMC), 1992 WL 367070, at *5 (S.D.N.Y. Nov. 20, 1992) (citations omitted); *accord A.I.A. Holdings, S.A. v. Lehman Bros.*, 97 Civ. 4978(LMM)(HBP), 2002 WL 31385824 at *4 (S.D.N.Y. Oct. 21, 2002); *In re Copper Mkt. Antitrust Litig.*, 200 F.R.D. 213, 223 (S.D.N.Y.2001). "[T]ypically [privilege] logs will identify each document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure." *Bowne*, 15 F.R.D. at 474; *accord Asset Value Fund Ltd. P'ship v. Care Group, Inc.*, 97 Civ. 1487(DLC)(JCF), 1997 WL 706320, at *7 (S.D.N.Y. Nov. 12, 1997).

16.    In compliance with the above requirements, Defendant has prepared a privilege log that provides not only the author, recipient(s), date and a statement about which privilege applies, but also a detailed description of the contents of the document (*e.g.*, "E-mail correspondence regarding creation of royalty agreement"). This information is sufficient to allow Plaintiff and the Court to confirm the documents are at least potentially protected from disclosure under the asserted privilege. *Bowne*, 15 F.R.D. at 474; *Asset Value Fund Ltd. P'ship*, 1997 WL 706320 at *7. And Plaintiff does not allege otherwise, as the Motion to Compel fails

to specify the documents that Plaintiff is seeking or why the entries pertaining to such documents are deficient.

17.    Without identifying any particular deficiency in the privilege log, Plaintiff claims that the Defendant improperly withheld documents in which Defendant's general counsel was a courtesy recipient. (Paltrowitz Decl. in Support of Mot. to Compel ¶ 13.) As a general matter, any documents withheld in this respect pertain solely to contract negotiations and/or internal evaluations about Defendant's performance under the agreements, after Defendant anticipated that Plaintiff was planning to terminate, sue or breach the agreements or the project was going to fail because of Plaintiff's failure to perform. The relevant date when litigation could be anticipated was March 2006, when Plaintiff alleges to have become very concerned about Defendant's performance under the agreements. Thus, the attorney-client privilege or the work-product doctrine protects the documents withheld— all created after March 2006 or directed to counsel— as reflected in the privilege log.

### III.
### Conclusion

18.    For the foregoing reasons, the relief requested in the Motion to Compel should be denied.

Dated: Dallas, Texas
June 16, 2008

Respectfully submitted,

HERMES SARGENT BATES, LLP

By: _____
Amy E. Davis (AD2800), *pro hac vice*
Anthony H. Lowenberg (AL7266), *pro hac vice*

901 Main Street, Suite 5200
Dallas, Texas 75202
(214) 749-6000
(214) 749-6100 fax

-and-

BAKER HOSTETLER LLP
Peter Brown (PB2980)
Melissa Carvalho (MC6396), *admission pending*
45 Rockefeller Plaza, 11th Floor
New York, New York 10111
(212) 589-4200

Attorneys for Defendant ePartners Incorporated

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the ____ day of June, 2008, a true and correct copy of the foregoing document was forwarded in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York to following counsel of record:

John P. Bostany
Ronald Paltrowitz
Dan Levy
The Bostany Law Firm
40 Wall Street, 61st Floor
New York, NY 10008

_____
**AMY E. DAVIS**