UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
GMA ACCESSORIES, INC.,                          ECF Case

               Plaintiff,                 Civil Action No.: 07 CV 8414 (LAK)
  - against -

E-PARTNERS, INC.,

              Defendant.
------------------------------------------------------X

### REPLY DECLARATION OF RONALD I. PALTROWITZ IN FURTHER SUPPORT OF MOTION TO COMPEL DISCLOSURE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26 AND 37.

      Ronald I. Paltrowitz, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury, as follows:

      1.    I am Of Counsel to The Bostany Law Firm, attorneys of record for Plaintiff, GMA Accessories, Inc. ("GMA"), in the above captioned matter, and respectfully make this Reply Declaration, based upon my review of the firm files, in reply to the declaration of Amy E. Davis, Esq. in Response to Plaintiff GMA's Motion to Compel (the "Davis Declaration"), and further support of GMA's motion for an Order, pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), compelling Defendant to comply with Requests I and J of GMA's First Request for Documents, dated January 7, 2008, and to produce all documents that were prepared prior to the termination of the contract and all documents that were merely copied to ePartners's general counsel,, and for such other relief as this Court may deem just and proper.

      2.    At the outset, it is respectfully submitted that Davis Declaration should not be considered by the Court as it does not comply with the four (4) page limitation imposed by the Court's Individual Practices for Discovery Motions. Allowing Defendant to provide such a lengthy brief is unfair and prejudicial to GMA.

3. The excessively lengthy "Factual Background" set out by Ms Davis may be simply summarized as follows:

(i) On January 7, 2007, GMA requested the "Personnel Files" of all ePartners, Inc. ("ePartners") personnel that worked on the project that ePartners had agreed to complete for GMA (the "Project"), which request was objected to by ePartners on February 7, 2008;

(ii) On May 7, 2008, Declarant sent a letter to the Court that requested a conference to argue that ePartners should be compelled to produce the Personnel Files (Exhibit "B" to Declaration in Support filed June 12, 2008 as Docket No. 66 ["Support Declaration]);

(iii) On May 9, 2008, Anthony H. Lowenberg, Esq. sent a letter to the Court in which he stated: "To the extent any documents exist for these employees reflecting discipline due to performance, we will produce that information as well." (Exhibit "C" to Support Declaration.). Please note that "these employees" refers to the project development staff *and does not include* upper management.

4. On May 9, 2008, the Court filed an endorsed copy of Exhibit "B" that ordered the production as agreed upon by Mr. Lowenberg. (Exhibit "D" to Support Declaration). Contrary to the allegations in the Davis Declaration, it is respectfully submitted that the Court's endorsement on Exhibit "B" did not constitute a ruling on the matters raised in this Motion to Compel. To be sure, the letter in question specifically stated that it is a request for a conference *prior to filing a motion.*

5. Moreover, it is respectfully submitted that ePartners has *not* produced the documents originally requested by the GMA discovery requests. Indeed, ePartners only produced documents that Mr. Lowenberg conceded were relevant in his letter, continuing to withhold other documents that GMA requested. The performance of ePartners' personnel is a central and crucial issue in this law suit, yet ePartners continues to withhold documents that pertain to the performance, evaluations or termination of any ePartners personnel.

6. The Davis Declaration does not dispute the relevancy of the documents that ePartners has continuously and strenuously fought to avoid producing over a period of months.

7. With regard to the "Privilege Log", the Davis Declaration sets forth a *primer* on privilege and work product that successfully supports GMA's own argument.

8. Ms Davis conceded that: (i) the burden of establishing a privilege rests on the party asserting it (Davis Declaration, ¶12);; (ii) the attorney-client communication was intended to give or obtain legal advice (Davis Declaration, ¶12);; (iii) the party invoking the work product doctrine must show that the documents were produced principally or exclusively to assist in anticipated or ongoing litigation. (Davis Declaration, ¶12); and (iv) the log must be adequately detailed to enable the reader to determine if the document is at least potentially protected (Davis Declaration, ¶¶13-15);

9. GMA clearly alleged the Privilege Log does not sufficiently support the privileges being asserted with regard to numerous documents that were prepared well before this litigation began as well as documents that were sent to attorneys as "courtesy copies" (the "Contested Documents").

10. With regard to the Contested Documents, it is respectfully submitted that ePartners has not provided the detail necessary to support the privilege, as Ms Davis, herself, has argued that it must do.

11. Rather, a review of that portion of the Davis Declaration devoted to the Privilege Log discloses that the full extent of Ms Davis's argument is that the Privilege Log is sufficiently detailed because she says it is.

12. Again, as was the case in the first section of her Declaration, Ms Davis does not set forth a single fact to support her contentions that the privileges have been properly asserted; none of the documents dated prior to the commencement of this action has been shown to have been prepared in anticipation of, or exclusively in connection with, this litigation and none of the documents sent as courtesy copies to counsel have been shown to have asked for or received legal advice.

ReplyDec.Paltrowitz06.17.08-Compel

13.  Accordingly, it is respectfully submitted that Defendant has failed to establish grounds for asserting either the work product or attorney client privilege with respect to any of the Contested Documents and that the production of these documents should be compelled.

Wherefore, Declarant respectfully prays that that this Court issue an Order, pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, compelling Defendant to comply with Requests I and J of GMA's First Request for Documents, dated January 7, 2008, and to produce all documents that were prepared prior to the termination of the contract and all documents that were merely copied to ePartners's general counsel,, and granting GMA such other relief as this Court may deem just and proper.

Dated: New York, New York
       June 17, 2008

_____
Ronald I. Paltrowitz

ReplyDec Paltrowitz06.17.08-Compel