**HERMES SARGENT BATES, LLP**
Amy E. Davis (AD2800), *pro hac vice*
Anthony H. Lowenberg (AL7266), *pro hac vice*
901 Main Street, Suite 5200
Dallas, Texas 75202
(214) 749-6000

**BAKER HOSTETLER LLP**
Peter Brown (PB2980)
Melissa M. Carvalho (MC6396) *admission pending*
45 Rockefeller Plaza, 11th Floor
New York, New York 10111
(212) 589-4200

Attorneys for Defendant ePartners Incorporated

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

| | | |
|---|---|---|
| GMA ACCESSORIES, INC., | : | ECF CASE |
| | : | |
| | : | No. 07 CV 8414 (LAK) |
| Plaintiff, | : | |
| | : | **REPLY TO MEMORANDUM IN** |
| - against - | : | **OPPOSITION TO DEFENDANT'S** |
| | : | **MOTION TO FILE AMENDED** |
| EPARTNERS, INC. | : | **ANSWER AND COUNTERCLAIM** |
| Defendant. | : | |
| | : | |

------------------------------------------------------------ X

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Defendant ePartners Incorporated ("Defendant") and files this Reply to the Memorandum of Law in Opposition to Defendant's Motion to File Amended Answer and Counterclaim. In support hereof, Defendant would respectfully show the Court as follows:

# I.
## Preliminary Statement

Plaintiff claims that Defendant has not been diligent in seeking to amend its answer and assert its counterclaims and that Plaintiff will be prejudiced if the Court grants Defendant's motion for leave. These arguments are meritless. Once Defendant was provided with sufficient discovery in April and May 2008, it promptly moved to amend its answer two months later. Moreover, all the evidence giving rise to the counterclaims in proposed amendment has been in the exclusive possession of Plaintiff since the commencement of this lawsuit, and Defendant has already produced 45,000 pages of documents pertaining to this dispute. Thus, Plaintiff cannot genuinely contend that a substantial amount of new discovery will need to take place. Simply put, Plaintiff, who admittedly understood that amendments could be made up through April 2008, will not suffer any undue prejudice by the Court allowing the amendment to Defendant's answer in June 2008. Accordingly, Plaintiff's opposition to Defendant's motion for leave to amend its answer should be rejected and the motion for leave should be granted.

# II.
## Motion for Leave Should be Granted

Federal Rule of Civil Procedure 13(f) specifically provides that a party may amend a pleading to assert a counterclaim, by leave of court, when justice so requires. Courts have found that this Rule must by read in conjunction with Federal Rule of Civil Procedure 15(a)(2), which provides that when a party seeks leave to amend its pleading, "leave shall be freely given when justice so requires." *See Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 360-61 (S.D.N.Y. 2005); *Minitti v. Speiser, Krause, Nolan & Granito, P.C.*, Nos. 04 Civ. 7976 (DC), 05 Civ. 2210 (DC), 2006 WL 3740847, at *10 (S.D.N.Y. Dec. 19, 2006) ("Courts must read Rule 13(f) together with Federal Rule of Civil Procedure 15, which

provides that leave to amend a pleading shall be freely given when justice so requires.") Pursuant to Rule 15(a), federal courts generally permit amendments to answers when (a) the party seeking the amendment has not unduly delayed, (2) that party is not acting in bad faith or with a dilatory motive, (c) the opposing party will not be unduly prejudiced by the amendment, and (d) the amendment is not futile. *See Kirk v. Heppt*, 423 F.Supp.2d 147 (S.D.N.Y. 2006) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Mackensworth v. S.S. Am. Merchant,* 28 F.3d 246, 251 (2d Cir.1994); *Prudential Ins. Co. v. BMC Indus., Inc.,* 655 F.Supp. 710, 711 (S.D.N.Y.1987)). Here, Defendant meets all of these criteria, justifying leave to amend.

Defendant has not unduly delayed the amendment to its answer and has not acted in bad faith or with a dilatory motive. It has been less than a couple of months since Plaintiff produced documents in response to Defendant's discovery requests and Plaintiff's employees were deposed, and it was not until after this discovery was completed that Defendant discovered facts that gave rise to its counterclaims. Plaintiff argues that the mere fact that Defendant itself produced 45,000 pages of documents proves that it should have been on notice from day one that it had several counterclaims against Plaintiff. (Def.'s Mem. In Opp. at 3.) However, all of the information that lead to the discovery of the counterclaims was in the possession of Plaintiff and its employees. Thus, to the extent that Defendant was ever in control of the timing of when it could assert affirmative claims in this lawsuit, it asserted them promptly after the discovery of relevant information. Even if the Court finds that there was some delay in amending the answer, the Second Circuit has held that the lateness of a motion to amend is not a proper basis for denying leave of court. *See Richardson Greenshields Sec., Inc. v. Lau,* 825 F.2d 647, 653 n. 6 (2d Cir. 1987).

In addition, Plaintiff has not demonstrated, as it required, that it will be unduly prejudiced by the amendment. *See Golden Trade, S.r.L. v. Jordache*, 143 F.R.D. 504, 506 (S.D.N.Y. 1992) (finding that "the party opposing the motion [to amend] must demonstrate that it would be substantially and unfairly prejudiced by the amendment.") Plaintiff claims that it will be prejudiced because "it is unrealistic to expect that GMA to conduct adequate discovery by August 1, 2008 to permit it to properly prepare its defenses." (Def.'s Mem. In Opp. at 5.) However, as Plaintiff admits, Defendant has already produced the lion's share of relevant documents in this lawsuit. Moreover, the documents and testimony giving rise to the counterclaims in the amended answer have been in the exclusive possession of Plaintiff, not Defendant. Thus, Plaintiff has been aware of its potential exposure since the commencement of this lawsuit and is now simply trying to bury that exposure.

Plaintiff also argues that it "has spent considerable time and gone to considerable expense to prepare this case for trial." (Def.'s Mem. In Opp. at 5.) However, there is no showing that any of this valuable time or expense will be wasted in prosecuting Plaintiff's claims or in defending against Defendant's counterclaims, especially when all of these matters are related.

Plaintiff further argues that Defendant's motion for leave is an implicit request to modify the Court's scheduling order. This argument is flawed. Plaintiff has not shown why the scheduling order will need to be modified, given the amount of work that the parties have already completed and Defendant's willingness to cooperate with any further (and reasonable) discovery requests. Even if the scheduling order needs to be modified and the trial date needs to be re-scheduled for a later date in the Fall, there is still no reason why such re-scheduling would "substantially and unfairly" prejudice Plaintiff.

Plaintiff cites to *Grochowski v. Phoenix Construction*, 318 F.3d 80 (2d Cir. 2003), for the proposition that the lenient amendment standard under Federal Rule 15(a) is modified when a scheduling order under Federal Rule 16(b) has been entered. (Mem. In Opp. at 3-4.) However, the *Grochowski* case is inapposite, because it only holds that, in situations where a proposed amendment violates a scheduling order, the lenient amendment standard must be balanced against Rule 16(b)'s "cause" standard for scheduling orders. Here, the proposed amendment in no way violates the Court's scheduling order, so the Court is not forced to balance Rule 15(a)'s standard with Rule 16(b)'s standard. It is also worth noting that in the *Grochowski* case, the proponent of the amendment waited almost a year after learning facts that gave rise to the amendment to ask for leave to amend. The *Grochowski* court found that this non-diligent behavior did justify an amendment to the scheduling order. Unlike the *Grochowski* case, here Defendant promptly moved to amend once it discovered sufficient facts to give rise to its claims. Thus, even under Rule 16(b)'s standard, cause exists to allow Defendant to amend its answer.

Plaintiff also claims that counsel for the parties stipulated that any amendments would be filed by April 9, 2008. (Mem. In Opp. at 4.) However, there is no written stipulation to support such contention, and the Court's scheduling order clearly does not reflect any such deadline. For all intent and purpose, the parties always preserved their right to seek leave to amend upon the completion of all discovery. Moreover, if April 9, 2008 was indeed the deadline to amend, as Plaintiff suggests, then Plaintiff can hardly argue that a proposed amendment in June 2008—two months later—would substantially prejudice its case.

### III.
### Conclusion

For the foregoing reasons, Defendant's motion for leave to amend its answer should be granted.

Dated: Dallas, Texas
June 18, 2008

Respectfully submitted,

HERMES SARGENT BATES, LLP

By: _____
Amy E. Davis (AD2800), *pro hac vice*
Anthony H. Lowenberg (AL7266), *pro hac vice*

901 Main Street, Suite 5200
Dallas, Texas 75202
(214) 749-6000
(214) 749-6100 fax

-and-

BAKER HOSTETLER LLP
Peter Brown (PB2980)
Melissa Carvalho (MC6396), *admission pending*
45 Rockefeller Plaza, 11th Floor
New York, New York 10111
(212) 589-4200

Attorneys for Defendant ePartners Incorporated

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 10 day of June, 2008, a true and correct copy of the foregoing document was forwarded in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York to following counsel of record:

John P. Bostany
Ronald Paltrowitz
Dan Levy
The Bostany Law Firm
40 Wall Street, 61st Floor
New York, NY 10008

_____
AMY E. DAVIS